■ KEVIN M. RESCILDO, an Infant by His Father and Natural Guardian, RAYMOND RESCILDO, et al., Appellants, v R. H. MACY'S, Also Known as BAMBERGER'S DEPARTMENT STORES, Respondents. (And a Third-Party Action.)—Appeal from an order of the Supreme Court, New York County (Ethel Danzig, J.), entered June 13, 1988, which granted defendants-respondents' respective motions for summary judgment dismissing the complaint and denied, as moot, plaintiffs-appellants' cross motion for further discovery, unanimously held in abeyance, and the matter remanded for an immediate trial pursuant to CPLR 3212 (c) to determine whether defendants were amenable to suit in the State of Connecticut for the period July 8, 1982 through July 8, 1985.

The IAS court erred in ruling, as a matter of law, that the defendants were amenable to suit in Connecticut during the Statute of Limitations period. The record reveals that the defendants' evidence in this regard was woefully inadequate. For example, defendant R. H. Macy's claimed to operate a store in Connecticut, but substantiated this solely with copies of police incident reports which did not even cover the relevant period. For its part, defendant Fabil Manufacturing, Inc. claimed to have transacted business in Connecticut for 50 years, but submitted no documentary proof, such as sales receipts or invoices to support its contention. Similarly, defendant Sure Snap, Inc. produced no business records indicating that it had ever shipped goods into Connecticut.

Thus, the issue of the amenability of these defendants to suit pursuant to Connecticut's long-arm statute (Conn Gen Stat Annot § 33-411) and attendant due process concerns *(see, World-Wide Volkswagen Corp. v Woodson,* 444 US 286; *Asahi Metal Indus. Co. v Superior Ct.,* 480 US 102) was not conclusively established. Also critical in this case, and to be determined in accordance with the jurisdictional matter, is the related issue of whether Connecticut's toll for absence from the State (Conn Gen Stat Annot § 52-590) applies to the defendants.

These are threshold matters that must be resolved before defendants may invoke the Connecticut time bar pursuant to New York's borrowing statute (CPLR 202; *see, Childs v Brandon,* 60 NY2d 927, 929; *Katz v Goodyear Tire & Rubber Co.,* 737 F2d 238, 243).

Accordingly, the matter is remanded for a trial pursuant to CPLR 3212 (c). Inasmuch as the remaining points on appeal assume the applicability of CPLR 202, we decline to address them at this time. Concur—Murphy, P. J., Kupferman, Carro, Kassal and Wallach, JJ.