23518

Letitia Edmunds SNAVELY and Wiley B. Snavely, Appellants v. PERPETUAL FEDERAL SAVINGS BANK and Fant and Fant Architects, a General Partnership, of which Fant and Fant Architects, a General Partnership, is Respondent.

(412 S.E. (2d) 382)

Supreme Court

*Barney O. Smith, Jr.,* of *Parham and Smith,* Greenville, *for appellants.*

*James D. Brice,* of *Gibbes & Clarkson, P.A.,* Greenville, *for respondent.*

Heard Oct. 8, 1991.

Decided Dec. 2, 1991.

CHANDLER, Justice:

Letitia and Wiley Snavely (the Snavelys) appeal an Order of summary judgment holding their actions against Respondent, Fant and Fant Architects (Fant and Fant), barred by the Statute of Repose, S.C. Code Ann. § 15-3-640 (Cum. Supp. 1990).

We affirm.

## FACTS

On November 5, 1987, Letitia Snavely suffered personal injuries when she fell on a grate near the entrance to Perpetual Federal Savings Bank (Bank) in Anderson, South Carolina. The bank building and entrance, designed by Fant and Fant, was substantially completed on September 26, 1974.

The Snavelys commenced these actions,[1] alleging Fant and Fant's negligence in designing the entryway.[2] Trial court granted Fant and Fant summary judgment, holding the Snavelys' actions barred by the Statute of Repose in S.C. Code § 15-3-640, as they were not commenced within thirteen years of the substantial completion of the construction.

---

[1] Mr. Snavely filed for loss of consortium.

[2] The Snavelys' suit against Bank was settled, and is not involved in this appeal.

## ISSUES

1. Did the legislature intend that § 15-3-640 (Cum. Supp. 1990) apply to buildings constructed prior to the effective date of the statute?
2. Does § 15-3-640 violate equal protection and due process?

## DISCUSSION

### I. *APPLICABILITY OF § 15-3-640*

S.C. Code Ann. § 15-3-640 (Cum. Supp. 1990), effective May 12, 1986, provides, in part:

> No actions to recover damages based upon condition of an improvement to real property may be brought more than thirteen years after substantial completion of such an improvement...

It is undisputed that Bank was substantially completed on September 26, 1974, more than thirteen years prior to the injury. The Snavelys contend, however, that the legislature intended that § 15-3-640 apply only to buildings constructed after its effective date of May 12, 1986. We disagree.

The elementary and cardinal rule of statutory construction is that the Court "ascertain and effectuate the actual intent of the legislature." *Burns v. State Farm*.[3] "There is a presumption that statutory enactments are to be considered prospective rather than retroactive in their operation unless there is a specific provision of *clear legislative intent to the contrary.*" *Hercules, Inc., v. S.C. Tax Commission*.[4]

Here, we find the clear legislative intent expressed in S.C. Code Ann. § 15-3-680 (Cum. Supp. 1990):

> *Nothing in §§ 15-3-640* through 15-3-670 of the 1976 Code *may be construed as* creating any cause of action not heretofore existing or recognized or *barring any cause of action existing or accrued on May 12, 1986*. (Emphasis supplied.)

Clearly, this provision indicates the legislative intent that § 15-3-640 be applied to buildings constructed prior to May 12, 1986.

[3] 297 S.C. 520, 533, 377 S.E. (2d) 569, 570 (1989).
[4] 274 S.C. 137, 143, 262 S.E. (2d) 45, 48 (1980) (Emphasis supplied).

To construe the provision otherwise would render meaningless the cited language of § 15-3-680 as, obviously, no cause of action could have existed prior to the construction of a building.

We hold the Snavely's claims barred by § 15-3-640.

## II. EQUAL PROTECTION/DUE PROCESS

The Snavelys next assert that § 15-3-640 violates equal protection and due process. We disagree.

In *Broome v. Truluck*,[5] we found the prior § 15-3-640 violative of equal protection. It granted architects, engineers and contractors immunity ten years after substantial completion of an improvement, while denying such protection to owners or manufacturers of component parts. We stated:

> While the General Assembly has the power in passing legislation to make a classification of its citizens, the constitutional guaranty of equal protection of the law requires that all members of a class be treated alike under similar circumstances and conditions, and that any classification cannot be arbitrary but must bear a reasonable relation to the legislative purpose sought to be effected.

270 S.C. at 230, 241 S.E.2d at 740. (Citation omitted.)

In *Broome*, we found nothing in the statute which justified the distinction between architects, engineers, and contractors, on the one hand, and owners and manufacturers, on the other.

Subsequent to *Broome*, the legislature revised § 15-3-640 by Act No. 412 of 1986. The revision increases the period of liability from ten years to thirteen years and extends immunity to current or prior owners and manufacturers. *See* S.C. Code Ann. § 15-3-640(8), (9).

A following section, 15-3-670, provides, in part:

> *The limitation provided in §§ 15-3-640 through 15-3-660 may not be asserted as a defense by any person in actual possession or control,* as owner, tenant, or otherwise, of the improvement at the time the defective or unsafe condition constitutes the proximate cause of the injury or death for which it is proposed to bring an action, *in the*

---

[5] 270 S.C. 227, 241 S.E. (2d) 739 (1978).

*event such person in actual possession or control knows, or reasonably should have known, of the defective or unsafe condition.* (Emphasis supplied.)

The rationale for distinguishing current possessors from architects, engineers, manufacturers, etc., was set forth in the preamble to Act No. 412 of 1986:

\* \* \* \* \* \*

Whereas, the *General Assembly finds it reasonable and necessary to distinguish between a person in actual possession or control of an improvement* to real property and those otherwise involved in an improvement to real property, for the following reasons: because acceptance of some future responsibility for the condition of the premises is implied in the acceptance of an improvement to real property; because possession or control of the premises is a reasonable and fair basis for imposing some additional liability; *because after the date of acceptance of the work by the owner, there exists the possibility of neglect, abuse, poor maintenance, mishandling, improper modification, or unskilled repair of an improvement; because owners and persons in control have the opportunity to avoid liability by taking care of the improvement and by regulating its use; . . . .* (Emphasis supplied.)

\* \* \* \* \* \*

The distinctions contained in the foregoing citation are reasonable; accordingly, we find no equal protection violation.

The Snavelys also contend that § 15-3-640 violates due process in that it "does not allow a reasonable time to bring a suit due to the fact that a victim of a statute of repose would not even know a cause of action exists until after the suit would be barred." (App's Brief, p. 11).

We recently rejected this contention in *Hoffman v. Powell*,[6] relative to the medical malpractice statute of repose.

Moreover, the majority of jurisdictions have rejected due process challenges to statutes of repose governing architects' liability. Such statutes are held not to abrogate vested rights of action, but merely to prevent such rights of action, but

---

[6] 298 S.C. 338, 380 S.E. (2d) 821 (1989).

merely to prevent such rights from accruing after a certain period of time. *See generally Annot.,* 93 A.L.R. (3d) 1242, 1251 § 3(a) (1979).

We concur; the judgment below is

Affirmed.

GREGORY, C.J., FINNEY and TOAL, JJ., and BRUCE LITTLE-JOHN, Acting Associate Justice, concur.