KEVIN M. RESCILDO, an Infant, by His Father and Natural Guardian, RAYMOND RESCILDO, et al., Appellants, v R.H. MACY'S, Also Known as BAMBERGER'S DEPARTMENT STORES, et al., Respondents, et al., Third-Party Plaintiff, et al., Third-Party Defendant.

First Department, January 28, 1993

**APPEARANCES OF COUNSEL**

*Brian J. Shoot* of counsel *(Gary Ehrlich* with him on the brief; *Schneider, Kleinick & Weitz, P. C.,* attorneys), for appellants.

*Mark C. Dillon* of counsel *(Cerussi & Spring,* attorneys), for R.H. Macy's, respondent.

*Barry R. Ostrager* of counsel *(Andrew S. Amer* and *Eric S. Kobrick* with him on the brief; *Simpson Thacher & Bartlett,* attorneys), for Sure-Snap, Inc., respondent.

**OPINION OF THE COURT**

KASSAL, J.

██ ██ This personal injury action, which accrued in the State of Connecticut and involves a Connecticut infant plaintiff, raises issues with respect to when, and to what extent, the New York "borrowing statute", CPLR 202, may be invoked to import the laws of a foreign forum. For the reasons that

follow, we "borrow" and apply Connecticut's Statute of Limitations solely with respect to the defendant found to have been amenable to suit in that State during the relevant period, and we decline to accept the doctrine of *renvoi* with its circuitous route of return to the New York Statute of Limitations.

The infant plaintiff, Kevin Rescildo, is a Connecticut resident who, on July 8, 1982, sustained injuries resulting in blindness to his left eye. The accident, which occurred at the then five-year-old's home, involved in allegedly defective children's belt manufactured by defendant Sure Snap, a New York corporation, and then sold to defendant Fabil, a New York distributor. The belt was purchased by the infant plaintiff's uncle from Bamberger's, a division of Macy's, located in Nanuet, New York.

In February 1986, plaintiff Raymond Rescildo commenced this personal injury action on behalf of Kevin, his son, and individually, against Macy's and Fabil. In essence, plaintiffs allege that the child's belt was negligently designed with a sharp metal buckle attached to a highly elasticized strap that could, and in this case allegedly did, snap back and injure the child user. In June 1986, Fabil brought a third-party action against Sure Snap, and plaintiffs subsequently served a summons and complaint naming the latter in the main action.

Each of the defendants moved before the IAS Court for summary judgment based upon the affirmative defense that plaintiffs had failed to institute suit within the Connecticut three-year Statute of Limitations period, applicable pursuant to New York's "borrowing statute", CPLR 202, which provides as follows: "An action based upon a cause of action accruing without the state cannot be commenced after the expiration of the time limited by the laws of either the state or the place without the state where the cause of action accrued, except that where the cause of action accrued in favor of a resident of the state the time limited by the laws of the state shall apply."

Plaintiffs opposed the motions for summary judgment, arguing, *inter alia,* that defendants had not been subject to the jurisdiction of the Connecticut courts during the relevant period, and that CPLR 202 did not, therefore, apply.*

---

* Although the New York Statute of Limitations for personal injury actions is also three years (*see,* CPLR 214), New York provides a toll for infancy (CPLR 208), which the State of Connecticut does not. Such a toll
*(n. cont'd)*

By order and judgment entered June 13, 1988, Justice Danzig granted defendants' motions, and plaintiffs appealed. On November 30, 1989, this Court held plaintiffs' appeal in abeyance, and remanded the matter for an immediate trial, pursuant to CPLR 3212 (c), to determine the amenability of defendants to suit in Connecticut during the applicable period, July 8, 1982 through July 8, 1985 (155 AD2d 379). This was a threshold matter, to be resolved before determination of whether the borrowing statute had properly been invoked *(see, Childs v Brandon,* 60 NY2d 927, 929; *Katz v Goodyear Tire & Rubber Co.,* 737 F2d 238, 243).

A trial was held before a Special Referee and, by order entered on or about March 10, 1992, Justice Cohen confirmed the Referee's findings that Connecticut had in personam jurisdiction over defendant Fabil, but not over defendants Sure Snap and Macy's. No party has challenged the finding of Connecticut jurisdiction over defendant Fabil during the relevant period, and we accordingly do not reach that portion of Justice Cohen's order.

■ With respect to defendants Sure Snap and Macy's, which have submitted supplemental briefs on the issue of in personam jurisdiction, we have examined the record and conclude that the Referee's findings, confirmed by the IAS Court, are amply supported.

Defendant Sure Snap, a New York corporation with its principal place of business in New York City, made no showing that it had ever maintained offices, bank accounts, or real property in Connecticut. Also conspicuously absent from the record was proof that Sure Snap sold products to Connecticut residents, that its employees had ever entered the State of Connecticut to solicit business, or that it had ever advertised, attended trade shows, or assigned sales personnel to the State of Connecticut. We note, further, that Sure Snap makes no claim of having ever filed a "Certificate of Authority" which, pursuant to Connecticut General Statutes § 33-396, would identify it as a foreign corporation doing business in Connecticut.

Thus, we affirm the finding that Sure Snap's presence and activity in Connecticut were insufficient to meet constitutional standards, i.e., that it maintained the degree of "continuous and systematic general business contacts" with that State

does not, of course, apply to any causes of action brought by plaintiff father individually.

which would justify the exercise of in personam jurisdiction *(Helicopteros Nacionales v Hall,* 466 US 408, 415-416, citing *Perkins v Benguet Min. Co.,* 342 US 437, 445-446).

Similarly, defendant Macy's, also a New York corporation, failed to proffer sufficient proof of its presence in Connecticut for that State to assume in personam jurisdiction. A certificate to do business which had been filed by Macy's in Connecticut was withdrawn in September 1978. Moreover, Macy's sole proof that it operated "several stores" in Connecticut consisted of two police reports describing incidents that occurred after the relevant period at a "Macy's Department Store" in Stamford. In addition, there was no proof to establish that the business entity referred to in the police reports was related to defendant R.H. Macy's, Inc., or even that Bamberger's, from which the belt was purchased, was a division of Macy's during the period in question. Finally, the existence of Connecticut residents holding Macy's credit cards did not, as this defendant contends, provide the requisite contacts, since "[t]he unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State" *(Hanson v Denckla,* 357 US 235, 253; *Burger King Corp. v Rudzewicz,* 471 US 462).

Accordingly, Sure Snap and Macy's have failed to establish that in personam jurisdiction could have been exercised over them in Connecticut during the relevant period, and the CPLR 202 borrowing statute is inapplicable *(see, Childs v Brandon, supra; Katz v Goodyear Tire & Rubber Co., supra).* The order and judgment entered June 13, 1988, is, therefore, modified to vacate the grant of summary judgment to said defendants. In light of the New York Statute of Limitations period of three years *(see,* CPLR 214), however, the complaint is reinstated solely with respect to the causes of action brought on behalf of the infant plaintiff who, unlike his father, may avail himself of New York's toll for infancy (CPLR 208).

With respect to the remaining defendant, Fabil, which was found to have been amenable to suit in Connecticut during the applicable period, and which therefore is subject to that forum's time limitations under CPLR 202, plaintiffs argue that their claims against this defendant are nevertheless viable because, in applying the borrowing statute, the courts must also borrow a foreign jurisdiction's choice-of-law rules. In Connecticut, these rules prescribe use of the forum State's Statute of Limitations. This process, known as the doctrine of

*renvoi,* would, as applied to the facts at bar, provide the infant plaintiff with the New York toll for infancy under CPLR 208 against Fabil, as well as Macy's and Sure Snap.

In support of their position, plaintiffs cite this Court's determination in *Knieriemen v Bache Halsey Stuart Shields* (74 AD2d 290, 296, *appeal dismissed* 50 NY2d 1021, 51 NY2d 970), which involved a Louisiana plaintiff who commenced an action against a New York brokerage firm based upon allegations of investment churning in New York. The Court applied the borrowing statute, but nevertheless utilized New York's Statute of Limitations because "[i]n Louisiana, prescription (the name given there for the defense of the Statute of Limitations) is governed by the law of the place where the action is brought." (74 AD2d, *supra,* at 296.)

More recent determinations of this Court and the Court of Appeals have not accepted *renvoi,* however, despite the rules of a foreign State which, like Connecticut, prescribes the use of the forum State's Statute of Limitations *(see, e.g., Besser v Squibb & Sons,* 146 AD2d 107; *Antone v General Motors Corp.,* 64 NY2d 20, 27-28). Because the acceptance of *renvoi* defeats the purpose of the borrowing statute and its underlying policy—to prevent forum shopping by nonresident plaintiffs seeking a longer Statute of Limitations *(see, Martin v Dierck Equip. Co.,* 52 AD2d 463, 468, *affd* 43 NY2d 583; *Antone v General Motors Corp., supra,* at 27-28; *Besser v Squibb & Sons, supra,* at 114)—this *sub silentio* rejection of *renvoi* represents the better course. To the extent that *Knieriemen (supra)* is in conflict with these more recent decisions and, indeed, fails to promote the salutary purposes of the borrowing statute, we abandon its reasoning. As noted by the Court in *Gorlin v Bond Richman & Co.* (706 F Supp 236, 241), plaintiffs' application of the New York Statute of Limitations via the circuitous route of *renvoi,* as dictated by the rules of the foreign State, would render the New York borrowing statute a "useless appendage".

Accordingly, the order, Supreme Court, New York County (Beverly S. Cohen, J.), entered March 10, 1992, which, upon remand from this Court, *inter alia,* confirmed the findings of the Special Referee, holding that, during the relevant period, the State of Connecticut had in personam jurisdiction over defendant Fabil Manufacturing, Inc. (Fabil), and not over defendants Sure Snap, Inc. (Sure Snap) and R.H. Macy's, also known as Bamberger's Department Stores (Macy's), should be affirmed, without costs; and the order and judgment (one

paper), Supreme Court, New York County (Ethel Danzig, J.), entered June 13, 1988, which, *inter alia,* granted defendants' motions for summary judgment dismissing the complaint, should be modified to deny summary judgment on the causes of action brought on behalf of the infant plaintiff against defendants Sure Snap and Macy's, and to reinstate the complaint, as so limited, with respect to said defendants without costs.

MURPHY, P. J., KUPFERMAN, CARRO and WALLACH, JJ., concur.

Order, Supreme Court, New York County, entered on March 10, 1992, affirmed, without costs; and order and judgment (one paper), Supreme Court, New York County, entered June 13, 1988, modified, to deny summary judgment on the causes of action brought on behalf of the infant plaintiff against defendants Sure Snap and Macy's, and to reinstate the complaint, as so limited, with respect to said defendants, without costs.