**Wanda H. BARNETT, as Personal Representative of the Estate of Michael S. Barnett, Deceased, Plaintiff,**

**v.**

**Philip JOHNSON, John Burgee, Philip Johnson and John Burgee, Architects, and USX Corporation, Defendants.**

No. 93 Civ. 1727 (MBM).

United States District Court,
S.D. New York.

Dec. 10, 1993.

---

Paul S. Edelman, Robert L. Felix, Kreindler & Kreindler, New York City, for plaintiff.

Robin J. Marsico, Gogick & Seiden, New York City, for defendants Philip Johnson and Johnson/Burgee Architects s/h/a Philip Johnson and John Burgee, Architects.

Howard Burger, Berman, Paley, Goldstein & Kannry, New York City, David A. Luptak, Pittsburgh, PA, for defendant USX Corp.

## OPINION AND ORDER

MUKASEY, District Judge.

Plaintiff Wanda Barnett brings this diversity wrongful death action as the personal representative of the estate of her husband, Michael Barnett, who allegedly was killed on March 21, 1991 by a light pole that collapsed during a severe wind storm at the Fort Worth Water Gardens in Fort Worth, Texas ("Water Gardens").[1]  (Complt. ¶¶ 3–4)

---

1. The court has diversity jurisdiction, as plaintiff    is domiciled in South Carolina, defendants Philip

Plaintiff seeks compensatory and punitive damages against defendants Philip Johnson, John Burgee, and Johnson/Burgee Architects ("J/B Architects"), who designed Water Gardens, (Complt. ¶ 3), and against defendant USX Corporation, who manufactured and sold the material used to construct the light pole. (Complt. ¶ 12) Defendants Philip Johnson and Johnson/Burgee Architects move to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) on the ground that plaintiff's claim is time-barred. For the reasons set forth below, the motion is granted.

## I.

A federal court must look to the limitations period of the forum state, including any borrowing statute, to determine the timeliness of a claim. *In re Agent Orange Product Liability Litigation*, 597 F.Supp. 740, 801 (E.D.N.Y.1984), *aff'd*, 818 F.2d 145 (2d Cir.1987), *cert. denied sub nom. Pinkney v. Dow Chem. Co.*, 484 U.S. 1004, 108 S.Ct. 695, 98 L.Ed.2d 647 (1988). This motion turns on whether a New York court would "borrow" Texas Civ.Prac. & Rem.Code Ann. § 16.008 under New York's borrowing statute, N.Y.Civ.Prac.L. & R. § 202 ("CPLR"). The Texas statute bars all claims against a registered or licensed architect "who designs plans or inspects the construction of an improvement to real property" if the claim is brought "later than 10 years after the substantial completion of the improvement." [2] Texas Civ.Prac. & Rem.Code Ann § 16.008(a). The Texas statute is a statute of repose, rather than a statute of limitations, because it bars an action a specified number of years after a defendant has completed an act, even if the plaintiff has not yet suffered

injury. *See Johnson v. City of Fort Worth*, 774 S.W.2d 653, 654 & n. 1 (Tex.1989). In contrast, a statute of limitations bars an action if the plaintiff fails to file suit within a specified time from the date of injury. *See Sowders v. M.W. Kellogg Co.*, 663 S.W.2d 644, 647 (Tex.Ct.App.1983).

Here, the undisputed facts are that defendant Johnson has been a licensed architect in Texas since 1956, that defendants designed Water Gardens, that Water Gardens was substantially completed by 1975, that plaintiff's decedent was killed on March 21, 1991, and that plaintiff commenced this action on March 18, 1993. (Complt. ¶ 4; Johnson Affid. ¶¶ 2–3; Edelman Affirm. at 1–2) Plaintiff's claims thus are timely under Texas's two-year statute of limitations, *see* Texas Civ.Prac. & Rem.Code Ann. § 16.003, but untimely under its ten-year statute of repose because plaintiff sued more than ten years after the Water Gardens was completed. Defendants argue that New York's borrowing statute requires the use of Texas's period of repose, which bars plaintiff's claims against them. Plaintiff responds that CPLR § 202 requires borrowing only statutes of limitations, not statutes of repose, and that her suit therefore is timely. This is the first time that a court has addressed whether New York's borrowing statute will borrow a statute of repose. Because I conclude that a New York court faced with this question would borrow a foreign statute of repose, defendants' motion to dismiss is granted.

The New York borrowing statute, CPLR § 202, states:

An action upon a cause of action accruing without the state cannot be commenced

---

Johnson and John Burgee are domiciled in New York, defendant J/B Architects is a New York partnership, and defendant USX is a Pennsylvania corporation, (Complt. ¶¶ 1–2), and the amount in controversy exceeds the statutory requirement. (Complt. at 10); 28 U.S.C. § 1332.

**2.** Tex.Civ.Prac. & Rem. § 16.008 provides in relevant part:

(a) A person must bring suit for damages for a claim listed in Subsection (b) against a registered or licensed architect or engineer in this state, who designs, plans, or inspects the construction of an improvement to real property or equipment attached to real property or

equipment attached to real property or equipment attached to real property, not later than 10 years after the substantial completion of the improvement or the beginning of operation of the equipment in an action arising out of a defective or unsafe condition of the real property, the improvement, or the equipment.

(b) This section applies to suit for:

(1) injury, damage, or loss to real or personal property;

(2) personal injury;

(3) wrongful death:

(4) contribution; or

(5) indemnity.

after the expiration of the time limited by the laws of either the state or the place without the state where the cause of action accrued, except that where the cause of action accrued in favor of a resident of the state the time limited by the laws of the state shall apply.

This provision purposefully favors the in-state defendant, permitting the court to apply whichever limitations period is shorter, that of the forum state or that of the state where the action accrued. The policy behind CPLR § 202 is to provide New York resident-defendants protection from a suit in New York that would have been barred by shorter statutory periods in other jurisdictions where nonresident plaintiffs could have sued. *In re Agent Orange Product Liability Litigation,* 597 F.Supp. at 801; *Besser v. E.R. Squibb & Sons, Inc.,* 146 A.D.2d 107, 114, 539 N.Y.S.2d 734, 737 (1st Dep't 1989), *aff'd,* 75 N.Y.2d 847, 552 N.Y.S.2d 923, 552 N.E.2d 171 (1990). CPLR § 202 thus prevents forum shopping by nonresident plaintiffs who otherwise would obtain the benefits of a state's statutes "without satisfying any requirements as to the forum state's contacts with the transaction." *In re Agent Orange,* 597 F.Supp. at 801.

■ CPLR § 202 applies when plaintiff is a non-resident of New York and the cause of action accrued outside New York. Plaintiff resides in South Carolina. For purposes of CPLR § 202, a cause of action accrues where the injury occurs, *see Besser,* 146 A.D.2d at 112 n. 3, 539 N.Y.S.2d at 736 n. 3, and, therefore, as the place of the injury, Texas is where plaintiff's claim accrued. Accordingly, under New York's borrowing statute, this court must dismiss plaintiff's claim in this district if it is barred under Texas law.

In the absence of guiding New York precedent, I have looked to the plain language of CPLR § 202 to determine whether Texas's statute of repose should be borrowed to bar plaintiff's claim. CPLR § 202 prohibits a non-resident from bringing an action in New York "after the expiration of the time limited" by the laws of the state "where the cause of action accrued." Statutes of repose generally, and the one at issue here specifically, do precisely this: they provide a time limit be-

yond which a plaintiff may not bring suit. Accordingly, the plain language of CPLR § 202 requires a New York court to borrow the Texas statute of repose, which bars plaintiff's claim.

Plaintiff argues that CPLR § 202 does not direct a New York court to adopt Texas's statute of repose because her claim technically never accrued in Texas. In support of this argument, plaintiff seizes upon the definition of "accrued", which provides that a cause of action accrues when a suit may be maintained. (Pltf.Mem. at 11); *see also* Black's Law Dictionary 21 ("A cause of action 'accrues' when a suit may be maintained thereon."). She argues that because the running of a statute of repose prevents a cause of action from arising, *see Johnson,* 774 S.W.2d at 654 n. 1, she never could have maintained a suit because her decedent was injured after the period of repose had run. Therefore, she concludes, her action never accrued in Texas because she could not have maintained a suit there. Plaintiff reasons that because the New York statute directs that a court borrow the limitations period of the state where the action "accrued," there is no need to borrow the Texas period because the action never "accrued" in Texas.

However, plaintiff's interpretation of "accrued" in CPLR § 202 would erode, and perhaps undermine, the statute's purpose, as a New York court never could borrow a foreign state's statute of limitations when that state's corresponding statute of repose bars the cause of action, a result contrary to the intent of CPLR § 202. A more sensible interpretation of "accrued" in CPLR § 202 is that it refers to the state where the events underlying the cause of action occurred. This interpretation of CPLR § 202 also comports with the definition, *see* Black's Law Dictionary 20 (6th ed. 1990) (accrue means "occurred; received; vested; was created; was incurred"), and use of "accrue." *See, e.g., Snyder v. Town Insulation, Inc.,* 81 N.Y.2d 429, 432, 599 N.Y.S.2d 515, 516, 615 N.E.2d 999, 1000 (1993) ("the cause of action does not accrue until an injury is sustained.... accrual occurs when the claim becomes enforceable, *i.e.,* when all elements of the tort can be truthfully alleged in a

complaint"); *Hill v. Forrest & Cotton, Inc.*, 555 S.W.2d 145, 150 (Tex.Civ.App.1977) ("At the time the cause of action ... accrued ... the ten-year period of [repose] had already expired.") Regardless of the correct reading of CPLR § 202, even under plaintiff's proffered definition, her claim has "accrued" in Texas because she could maintain an action there. The Texas statute of repose bars assertion of a claim only against architects and engineers; it does not bar plaintiff from maintaining an action against the property owner.

Therefore, a New York court, if presented with this issue, likely would conclude that New York's borrowing statute includes statutes of repose. Such a conclusion is particularly appropriate given CPLR § 202's underlying purpose that a claim barred where it arose should be barred elsewhere, precisely the situation here.

Plaintiff asks this court to rely on *Beard v. J.I. Case Co.*, 823 F.2d 1095 (7th Cir.1987), in which the Seventh Circuit held that Wisconsin would not borrow a Tennessee statute of repose. The Wisconsin borrowing statute at issue in *Beard*, however, differs from that at issue here. The Wisconsin borrowing statute bars a suit based on a foreign cause of action if the "foreign period of limitations which applies has expired." Wis.Stat.Ann. § 893.-07. The Court in *Beard* concluded that the "foreign period of limitations" referred to a period of limitation, not a period of repose. *Beard*, 823 F.2d at 1095. The decision in *Beard* thus was based on the plain meaning of the statute, *Beard*, 823 F.2d at 1103, and the Court of Appeals of Wisconsin, passing upon this issue subsequent to the *Beard* decision, explicitly held that the Wisconsin borrowing statute's plain meaning prevented Wisconsin courts from borrowing statutes of repose. *Leverence v. U.S. Fidelity & Guar.*, 158 Wis.2d 64, 462 N.W.2d 218, 230–31 (Ct. App.1990) ("we conclude [the borrowing statute's] plain language compels our result"). As discussed above, however, CPLR § 202 is not so narrowly worded. The reasoning in *Beard* as to Wisconsin's borrowing statute accordingly does not compel this court to reach a similar conclusion when construing the New York statute.

Plaintiff next argues that the Texas statute of repose cannot be applied by this court because the statute is unconstitutional. It is true that some courts have declared their states' statutes of repose unconstitutional. *See, e.g., Kennedy v. Cumberland Eng'g Co.*, 471 A.2d 195 (R.I.1984); *Heath v. Sears, Roebuck & Co.*, 123 N.H. 512, 464 A.2d 288 (1983); *Lankford v. Sullivan, Long & Hagerty*, 416 So.2d 996 (Ala.1982). Texas, however, is not among them. To the contrary, the Texas courts on more than one occasion have addressed the constitutionality of Tex.Civ.P. & Rem.Code Ann. § 16.008. *See, e.g., McCulloch v. Fox & Jacobs, Inc.*, 696 S.W.2d 918, 924 (Tex.Ct.App.1985); *Sowders v. M.W. Kellogg Co.*, 663 S.W.2d 644, 647 (Tex.Ct. App.1983); *Hill*, 555 S.W.2d at 149. Texas courts have found that the statute is a reasonable means to limit the "protracted and extensive vulnerability" to lawsuits of architects and engineers, *Sowders*, 663 S.W.2d at 647, who, unlike landowners and possessors, cannot avoid liability by "caring for the premises and regulating conditions of entry onto the land." *McCulloch*, 696 S.W.2d at 924.

Plaintiff argues also that the Texas statute of repose is unconstitutional under New York law because it cuts off a plaintiff's right to sue for damages prior to a time when the plaintiff suffered injury. Plaintiff cites for support New York Constitution Article I, § 16, which states that "The right of action now existing to recover damages for injuries resulting in death, shall never be abrogated; and the amount recoverable shall not be subject to any statutory limitation." It is unclear, however, whether a New York court would hold a similar New York statute of repose unconstitutional, particularly because the Texas statute allows a plaintiff to recover against the property owner. Other states, several with constitutional provisions analogous to New York's, have upheld their statutes of repose. *See, e.g., Salesian Soc. v. Formigli Corp.*, 120 N.J.Super. 493, 295 A.2d 19 (Ct.Law Div.1972), *aff'd*, 124 N.J.Super. 270, 306 A.2d 466 (Ct.App.Div.1973); *Snavely v. Perpetual Fed. Sav. Bank*, 306 S.C. 348, 412 S.E.2d 382 (1991); *St. Paul Fire & Marine Ins. Co. v. Getty Oil Co.*, 782 P.2d 915

(Okla.1989); *Anderson v. M.W. Kellogg Co.*, 766 P.2d 637 (Colo.1988); *see also Eaton v. Jarvis Prods. Corp.*, 965 F.2d 922, 930–31 (10th Cir.1992) (Colorado statute of repose does not violate federal Constitution).

Fortunately, this troublesome question need not be resolved here, as the constitutional concerns implicated when a New York statute of repose is applied against a New York resident simply are not present when a New York court applies a foreign statute of repose against a foreign plaintiff. The wrongful death provision of the New York Constitution has been construed by New York courts to benefit only New York residents. *See O'Connor v. Lee–Hy Paving Corp.*, 579 F.2d 194, 205 (2d Cir.) ("in wrongful death actions ... the New York policy ... has without exception been applied in suits brought for New York decedents"), *cert. denied sub nom. Boston Hosp. for Women v. Schwartz*, 439 U.S. 1034, 99 S.Ct. 638, 58 L.Ed.2d 696 (1978); *Rosenthal v. Warren*, 342 F.Supp. 246, 248–49 (S.D.N.Y.1972) ("New York recognizes that the financial burden of the New York dependent beneficiaries might ultimately have to be borne by the State of New York"), *aff'd*, 475 F.2d 438 (2d Cir.), *cert. denied*, 414 U.S. 856, 94 S.Ct. 159, 38 L.Ed.2d 106 (1973); *Miller v. Miller*, 22 N.Y.2d 12, 18, 290 N.Y.S.2d 734, 739, 237 N.E.2d 877, 880 (1968) ("[New York] is vitally concerned with the manner in which the wife and children of a New York decedent will be compensated ... as a result of the wrongful killing of their 'bread winner.' ");. Because the public policy underlying the constitutional provision cited by plaintiff protects only New York citizens, the New York Constitution is not implicated by a statute that borrows foreign statutes of repose to bar nonresidents' claims. *Cf. Beard*, 823 F.2d at 1102 ("The Wisconsin Supreme Court has made clear that the [Wisconsin] 'Remedy for Wrongs' [constitutional] provision 'says *every person*, it does not limit its protection to [Wisconsin] citizens.' ") (citation omitted). Moreover, it is not the policy of New York to serve as a forum of last resort for nonresidents whose claims are barred in other jurisdictions. Indeed, borrowing statutes of repose furthers the policies of both New York's borrowing statute and constitution.

New York residents bringing wrongful death actions have access to the New York courts, while nonresident plaintiffs are barred from forum shopping.

Plaintiff argues next that Texas law cannot be borrowed under CPLR § 202 because defendants were not amenable to suit in Texas. In support of this argument, plaintiff invokes, improperly, *Stafford v. International Harvester Co.*, 668 F.2d 142 (2d Cir.1981). *Stafford* held that a New York court would not borrow the law of a state that could not exercise jurisdiction over the cause of action. *Stafford*, 668 F.2d at 152; *see also Rescildo v. R.H. Macy's*, 187 A.D.2d 112, 113, 594 N.Y.S.2d 139, 140 (1st Dep't 1993) (CPLR § 202 imports law of foreign forum solely with respect to a defendant who was amenable to suit in that state during the relevant period). *Stafford* is inapplicable here because plaintiff is subject to suit in Texas under Texas's long-arm statute. Tex.Civ. Prac. & Rem. § 17.042. Plaintiff nowhere suggests that she unsuccessfully sought, or would have been unsuccessful had she sought, jurisdiction over plaintiff in Texas. However, plaintiff's failure to seek jurisdiction in Texas comes as no surprise given that the Texas Supreme Court, in a case involving similar circumstances and the same defendants as the instant action, has stated that the statute of repose bars all such claims. *Johnson v. City of Fort Worth*, 774 S.W.2d 653 (Tex.1989).

Plaintiff's final argument is that the Texas statute of repose has been tolled here. Plaintiff cites Tex.Civ.Prac. & Rem.Ann. § 16.063, which states that "[t]he absence from this state of a person against whom a cause of action may be maintained suspends the running of the applicable statute of limitations for the period of the person's absence." Plaintiff is correct that this court should look to Texas's tolling provisions when borrowing a Texas statute, *see In re Agent Orange Product Liability Litigation*, 597 F.Supp. 740, 801 (E.D.N.Y.1984), *aff'd*, 818 F.2d 145 (2d Cir.1987), *cert. denied sub nom. Pinkney v. Dow Chem. Co.*, 484 U.S. 1004, 108 S.Ct. 695, 98 L.Ed.2d 648 (1988), but is incorrect that this tolling provision applies here. Notwithstanding plaintiff's shifting ar-

gument that under CPLR § 202 statutes of repose are not statutes of limitations but under Texas's tolling provision they are, the Texas tolling provision explicitly refers to "statutes of limitations," not statutes of repose. Moreover, even if the tolling provision also speaks to statutes of repose, it could not toll the statute here because the period of repose had expired before the cause of action could be maintained. *See Hill*, 555 S.W.2d at 150 (tolling statute inapplicable to minors' cause of action for wrongful death of their father because ten year period of repose had elapsed).

## II.

■ Even if a New York court were to hold that a foreign statute of repose could not be borrowed under CPLR § 202, there is an alternative basis by which the Texas statute of repose bars plaintiff's claim. A federal court exercising diversity jurisdiction must apply the substantive law of the forum state, including its choice of law rules. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 498, 61 S.Ct. 1020, 1022, 85 L.Ed. 1477 (1941). Under New York choice of law rules, a New York court will apply the substantive law of the jurisdiction with the greatest interest, but will apply the procedural law of New York. *Bournias v. Atlantic Maritime Co.*, 220 F.2d 152, 154 (2d Cir.1955). Statutes of repose are substantive because they affect the right to bring a lawsuit, *see Arrieta–Gimenez v. Arrieta–Negron*, 859 F.2d 1033, 1036 (1st Cir.1988); *Crisman v. Cooper Indus.*, 748 S.W.2d 273, 280 (Tex.Ct.App.1988), and, thus, a New York court would apply the Texas statute of repose as substantive law. *See Lewis v. Dicker*, 118 Misc.2d 28, 30, 459 N.Y.S.2d 215, 217 (Sup.Ct.1982) ("New York ... deems substantive anything that places an impediment on either the right or the remedy").

■ When faced with a choice of law, a New York court generally will select the law of the state in which the tort was committed as the applicable law. *Zangiacomi v. Saunders*, 714 F.Supp. 658, 662 (S.D.N.Y.1989); *Cousins v. Instrument Flyers, Inc.*, 44 N.Y.2d 698, 699, 405 N.Y.S.2d 441, 442, 376 N.E.2d 914, 914–15 (1978). Only under "ex-

traordinary" circumstances will a New York court disregard the law of the site of the tort and, instead, apply the law of the state with the greatest interest in deciding the issue. *Id.* For instance, New York courts may disregard the law of the place where the injury occurred and engage in interest analysis when the parties share a common domicile. *Schultz v. Boy Scouts of America, Inc.*, 65 N.Y.2d 189, 198, 491 N.Y.S.2d 90, 96, 480 N.E.2d 679, 685 (1985); *Salsman v. Barden & Robeson Corp.*, 164 A.D.2d 481, 484, 564 N.Y.S.2d 546, 547 (3d Dep't 1990). However, "where, as here, plaintiff and defendant are not commonly domiciled, the law of the situs of the injury will be applied." *Salsman*, 164 A.D.2d at 484, 564 N.Y.S.2d at 547. New York courts will engage in interest analysis also when the place of the wrong is purely fortuitous, as in guest statute cases. *Zangiacomi*, 714 F.Supp. at 662. This is not such a case, however. The accident occurred, and could have occurred only, at the Water Gardens in Texas, a fixed location. This court should apply Texas substantive law because Texas is where the injury occurred.

■ Even if interest analysis were to apply here, it is reasonable to conclude that a New York court would apply the substantive law of Texas. Texas courts have articulated several policy considerations underlying the statute of repose. The statute was intended to relieve engineers and architects from the burden of indefinite potential liability, and to lessen their cost of insurance coverage. *McCulloch v. Fox & Jacobs, Inc.*, 696 S.W.2d 918, 924–925 (Ct.App.Tex.1985). By doing so, the Texas legislature evidently sought to encourage economic development in Texas by decreasing tort exposure of those who design and construct buildings in Texas. *See Brown v. M.W. Kellogg Co.*, 743 F.2d 265, 269 (5th Cir.1984) ("the benefits of the [Texas statute of repose] extend evenhandedly to all architects and engineers ... residents and nonresidents alike").

In contrast, New York has not enacted a statute of repose for architects. The only perceptible New York policy is that resident plaintiffs retain the right to maintain wrongful death actions, *see supra* pp. 241–42, which is not at issue here because plaintiff is a nonresident.

South Carolina has no compelling interest that its resident plaintiff retain a right to maintain a wrongful death action here. South Carolina recently enacted a statute of repose which, although somewhat less severe toward plaintiffs than the Texas statute, nevertheless would bar plaintiff's claim had it been brought in South Carolina, as it provides that "[n]o actions to recover damages based upon or arising out of the ·defective or unsafe condition of an improvement to real property may be brought more than thirteen years after substantial completion of such an improvement." S.C.Code Ann. § 15–3–640 (1991). The South Carolina Supreme Court has held this statute constitutional. *Snavely,* 412 S.E.2d at 385. South Carolina has not fully articulated a plaintiff's right to recover for injuries sustained from defective or unsafe construction outside the state, but presumably this interest is not great given South Carolina's willingness to deny a plaintiff's recovery within the state.

Here, then, Texas's pronounced interest in extending to architects who do business in Texas protection from open-ended liability takes precedence over New York's and South Carolina's silent or unarticulated policies. This is so, even taking into account that Texas's interests may be somewhat "less important" here because statutes of repose do not govern conduct but, rather, the allocation of losses resulting from the conduct. *See Schultz,* 65 N.Y.2d at 198, 491 N.Y.S.2d at 96, 480 N.E.2d at 685; *but see Zangiacomi,* 714 F.Supp. at 663 n. 3 ("in a fixed location case ... the parties expectations and the state's admonitory interest are so closely related to the location of the wrongful conduct that [the location's] interest outweighs the interest of the parties' domicile").

\* \* \*

For the reasons set forth above, the Texas statute of repose bars plaintiff's claims against defendants Philip Johnson and J/B Architects, and, accordingly, plaintiff's complaint is dismissed with respect to them.

SO ORDERED.