Dennis TANGES, Plaintiff,

v.

HEIDELBERG NORTH AMERICA, INC., Heidelberg Harris, Inc. and Harris Graphics Corporation, Defendants.

Danbury Printing and Litho, Inc., Intervenor–Plaintiff,

v.

Heidelberg North America, Inc., Heidelberg Harris, Inc. and Harris Graphics Corporation, Intervenor–Defendants.

No. 97 Civ. 00731 CLB.

United States District Court, S.D. New York.

Sept. 17, 1997.

Pinney, Payne, Van Lenten, Burrell etc., Danbury, CT, for plaintiff.

Lavin, Colemon, O'Neil, etc., New York City, for defendants.

*MEMORANDUM & ORDER*

BRIEANT, District Judge.

Before this Court for decision at this time is a motion for summary judgment by defendants in this diversity products liability suit.

The following facts are not in dispute. Plaintiff is a resident of New York. At all relevant times he was employed in Connecticut by Danbury Printing and Litho, Inc., the Intervenor–Plaintiff in this case. Plaintiff's hand was seriously injured on the job on February 4, 1994. Mr. Tanges alleges and the Court assumes that the cause of the injury was defects in the design and manufacture of the printing press, manufactured by Defendant Harris Graphics Corporation, which defects are specifically alleged in ¶ 12 of the Complaint. It is also undisputed that the printing press left the possession of Defendant manufacturer on November 12, 1983.

Defendants contend and this Court agrees that they are entitled to summary judgment dismissing the Complaint because the action is barred by a Statute of Repose, which is part of the statutory scheme of the State of Connecticut regulating product liability. This statutory provision is found in § 52–577a of Connecticut General Statutes which provides that "no such action may be brought against any party ... later than ten years from the date that party last parted with possession or control of the product." As noted, this statute is a statute of repose, distinguishable from ordinary statutes of limitations. See *Barnett v. Johnson,* 839 F.Supp. 236 (S.D.N.Y.1993).

This Court concludes as a matter of law that because the employment was in Connecticut and the accident took place in Connecticut, the employment obligations between Plaintiff, the Defendants and the Intervenor–Plaintiff, Danbury Printing and Litho, Inc. are governed by Connecti-

cut law. The Plaintiff received workers compensation benefits pursuant to Connecticut law. The duty of care required of a manufacturer and the other relevant product liability law is that of Connecticut. Connecticut has the greatest interest in the subject matter of the litigation.

This Court concludes that under New York choice of law rules, which this Court must follow in a diversity suit, a New York court will apply the substantive law of the jurisdiction with the greatest interest, which is clearly the State of Connecticut.

It would be absurd to hold that workers, side by side in a Connecticut factory operating machinery, would be treated differently simply because one of them is a commuter from New York or some other state.

Plaintiff relies first on § 202 of the New York C.P.L.R. which is a borrowing statute affecting statutes of limitation, intended to prevent forum shopping. That section affects non-resident's actions in the New York courts, providing that the shortest statute shall apply, namely New York's, or the accruing state's limitation period. The statute does not apply to an action such as this brought by a resident, as to whom New York Statutes of Limitation are presumed to apply. Section 202 New York C.P.L.R. is not applicable to the instant case in the opinion of this Court, first because we are concerned with a substantive statute of repose rather than a procedural statute of limitations which can be pleaded as an affirmative defense. Secondly, whatever contrary arguments would flow from § 202 in the New York resident context, New York adheres to application of the substantive law of the jurisdiction which has the greatest interest, and that is clearly Connecticut.

Plaintiff also argues that his rights under the Constitution of the State of New York would be violated if this court were to apply Connecticut law. This argument is rejected. All of the contacts in this case are with Connecticut. It is purely fortuitous that Plaintiff chose to reside in New York, and under choice of law rules, some of which may have a constitutional nexus, a New York Court would not treat Mr. Tanges case differently than required by Connecticut law.

The motion for summary judgment is granted.

SO ORDERED.