No. 04-00-00699-CV



Fred GILCREASE & Dorothy Gilcrease,


Appellants


v.


TESORO PETROLEUM CORPORATION,

Appellee


From the 73rd Judicial District Court, Bexar County, Texas

Trial Court No. 2000-CI-10428

Honorable Michael P. Peden, Judge Presiding


Opinion by: Paul W. Green, Justice


Sitting: Phil Hardberger, Chief Justice

 Paul W. Green, Justice

 Sarah B. Duncan, Justice


Delivered and Filed: December 26, 2001


AFFIRMED


 Fred and Dorothy Gilcrease ("the Gilcreases") appeal the trial court's entry of
summary judgment in favor of Tesoro Petroleum Corporation in two issues, claiming
Alaska's ten-year statute of repose does not apply to bar their claims. We affirm the
summary judgment. 

Background


 After Fred Gilcrease, now deceased, discovered he had mesothelioma in 1999, he and
his wife, Dorothy, filed suit against the owners of thirty-six refineries, including Tesoro, the
owner of a refinery in Kenai, Alaska. Fred had worked in Tesoro's Alaskan refinery in 1974
and 1980 as a welder and pipefitter. Although the Gilcreases were residents of Oregon at the
time suit was filed and Fred had never worked in a Texas refinery, the Gilcreases brought suit
in Texas under Texas's borrowing statute. See Tex. Civ. Prac. & Rem. Code Ann. § 71.031
(Vernon Supp. 2001). Section 71.031 permits nonresident plaintiffs to bring suit for
wrongful conduct occurring in a foreign state so long as suit is filed in Texas "within the time
provided by the laws of the foreign state or country in which the wrongful act, neglect, or
default took place." Id. 

 The Gilcreases filed suit in Bexar County, alleging Tesoro failed to provide protective
equipment and warn about the dangers of asbestos exposure. Tesoro filed a motion for
summary judgment, arguing Alaska's ten-year statute of repose applied to bar the Gilcreases'
claims. While Alaska has a statute of repose requiring personal injury plaintiffs to bring suit
within ten years of the wrongful conduct, Texas has no similar provision. See Alaska Stat.
§ 09.10.055(a) (West 1997). The trial court granted summary judgment. 

Texas's Section 71.031 

 The Gilcreases claim the trial court erred in granting summary judgment because,
although the borrowing statute in section 71.031 requires nonresident plaintiffs to satisfy
procedural time limits, such as statutes of limitation, the Gilcreases argue it does not
encompass substantive limitations, such as foreign statutes of repose. (1) Whether section
71.031 requires the nonresident plaintiff to satisfy foreign statutes of repose is a case of first
impression in Texas. In construing a statute, our objective is to give effect to the legislature's
intent. Albertson's, Inc. v. Sinclair, 984 S.W.2d 958, 960 (Tex. 1999). To determine
legislative intent, we look to the language of the statute, relevant legislative history, the
object sought to be obtained, and the consequences following from alternate constructions.
In re Bay Area Citizens Against Lawsuit Abuse, 982 S.W.2d 371, 380 (Tex.1998). 


 Language of Section 71.031


 In relevant part, section 71.031 provides:


 An action for damages for the death or personal injury of a
citizen . . . of the United States . . . may be enforced in the courts
of this state, although the wrongful act, neglect, or default
causing the death or injury takes place in a foreign state or
country, if:


 


 
 
 for a resident of a foreign state or country, the action is
begun in this state within the time provided by the laws
of the foreign state or country in which the wrongful act,
neglect, or default took place.

 
 


Tex. Civ. Prac. & Rem. Code Ann. §71.031(a)(3) (emphasis added). Section 71.031 fails
to provide language defining the scope of the statute's language referring to "foreign time
limitations," and as such, we must examine the statute's legislative history to discern the
legislature's intent.


 Legislative History of Section 71.031


 Recently, the supreme court traced the history of section 71.031, noting the statute's
original version was enacted in 1913 to provide Texas citizens the convenience of bringing
suit in Texas for out-of-state wrongful conduct. (2) In 1985, the statute was consolidated with
its sister provisions and codified into section 71.031. Dubai Petroleum Co., 12 S.W.3d at
76-78. Importantly, the 1985 version did not contain language imposing foreign time limits
on nonresidents' claims. House Comm. on Civil Practices, Bill Analysis, Tex. S.B. 220. In
other words, a California resident suing based on "wrongful conduct" occurring in California
could bring suit in Texas so long as the Texas statute of limitations had not expired,
regardless of whether the suit was barred by the California statute of limitations. 

 In 1997, the Legislature proposed Senate Bill 220 in response to concerns that Texas
courtrooms were becoming crowded by nonresidents' personal injury lawsuits. Dubai, 12
S.W.3d at 77-78. The open-ended nature of the 1985 version had made Texas courts too
amenable to nonresident plaintiffs whose out-of-state claims were barred by more restrictive
foreign time limitations. Owens Corning v. Carter, 997 S.W.2d 560, 565-66 (Tex. 1999). 
By not limiting nonresidents to the time constraints imposed by the foreign state where the
claim arose, former section 71.031 encouraged nonresidents to forum shop in Texas - the
result, Texas courtrooms crowded with suits having little or no connection to Texas at the
expense of Texas residents. Id. In passing Senate Bill 220, the Legislature amended section
71.031 to add the "borrowing" language currently found in subsection (a)(3). Id. at 566.
Now, a nonresident may bring suit in Texas under section 71.031 only if the suit satisfies
Texas's time limits along with those imposed by the state or country where the wrongful act
took place. Id. 

 By amending section 71.031 to add the "time limitation" language, the Texas
Legislature demonstrated a clear intent to prevent forum shopping. Both statutes of
limitation and statutes of repose serve to limit the amount of time under which suit may be
brought, and therefore, we hold a nonresident plaintiff bringing suit under section 71.031
must satisfy not only the statute of limitations, but also the statute of repose "of the foreign
state or country in which the wrongful act, neglect, or default took place." (3) To hold
otherwise encourages the very behavior sought to be prevented by the Legislature. We
overrule the Gilcreases' first issue. (4) 

Alaska's Section 09.10.055

 After holding section 71.031 requires the imposition of foreign statutes of repose, we
must determie whether Alaska's repose statute, section 09.10.055, bars the Gilcreases'
claims. Section 09.10.055 requires plaintiffs to bring suit within ten years of "the last act
alleged to have caused the personal injury, death, or property damage." Alaska Stat.
§09.10.055(a) (West 1997). In this case, Mr. Gilcrease was exposed to asbestos in 1974 and
and 1980; therefore, section 09.10.055 requires him to have filed suit by 1990. The
Gilcreases did not file suit until 1999; however, they argue their claims are not barred
because they fall outside the repose statute's effective date and, alternatively, within the
applicable exceptions.


 Section 09.10.055's Effective Date


 Section 09.10.055 applies to "causes of action accruing on or after August 7, 1997."
See Alaska Stat. § 09.10.055 (editor's notes) (emphasis added). The Gilcreases argue their
claims accrued in 1974 and 1980 when Mr. Gilcrease was exposed to asbestos, and
consequently, the repose statute does not apply. However, Alaska, like Texas, applies the
discovery rule. As such, the Gilcreases' claims did not "accrue" until they knew or
reasonably should have known of the injury. See Pedersen v. Zelski, 822 P.2d 903, 906-08
(Alaska 1991) (stating "[o]rdinarily, a personal injury action 'accrues' when the plaintiff is
injured. . . . Under the discovery rule, the cause of action accrues when the plaintiff has
information sufficient to alert a reasonable person to the fact that he has a potential cause of
action"). The Alaska Supreme Court reaffirmed its Pedersen holding in 2001 by providing
the following scenario:

The [exposure] giving rise to this lawsuit occurred between
September 11 and 16, 1990. Sopko did not file suit until April
11, 1996. The applicable limitations period, defined by AS
09.10.070, is two years. The discovery rule bars Sopko's claim
unless his cause of action "accrued" on or after April 11, 1994.
Under the terms of the discovery rule, Sopko's claim accrued
before this date if Sopko discovered, or reasonably should have
discovered, the existence of all of the elements of his cause of
action before April 11, 1994. 


Sopko v. Dowell Schlumberger, Inc., 21 P.3d 1265, 1270 (Alaska 2001). We hold the
Gilcreases' claims are governed by section 09.10.055. 


 Application of Section 09.10.055


 The Gilcreases also argue their claims fall within section 09.10.055's exception for
"prolonged exposure to hazardous waste" or, alternatively, within the tolling provision
premised upon the presence of "foreign bodies." (5) 



 
 Hazardous Waste Exception
 


 The Gilcreases argue that because asbestos is "inherently dangerous to humans," it is
governed by section 09.10.055's exception for "prolonged exposure to hazardous waste." (6)
We disagree with the Gilcreases' characterization of asbestos. Although section 09.10.055
does not define "hazardous waste," the section's legislative history suggests the term refers
to solid wastes, as opposed to air contaminants, like asbestos:

Representative Ethan Berkowitz asked whether hazardous waste
had a legal definition or was addressed by a body of law.


Representative Porter replied, "It is an attempt to address
another concern that was raised of the more typical kinds of
'someone's property leached chemicals into my property and I
didn't know about it,' those kinds of things."


Floor Debates on H.B. 58, Ch. 26 SLA 97, Feb. 21, 1997, No. 1050. No Alaska statute
characterizes asbestos as a "hazardous waste." Indeed, when the Alaska Legislature chose
to regulate asbestos, it published the provision within the Health, Safety, and Housing
Code, rather than in the section regulating "hazardous wastes." Compare Alaska Stat.
§18.31.200 (Lexis 1998) (requiring certification to conduct asbestos abatement services),
with Alaska Stat. § 46.03.302 (Lexis 1998) (requiring a special permit to treat or dispose
of hazardous waste).

 Further, the Alaska Legislature, like Congress, has drawn a distinction between the
regulation of solid waste and the regulation of air contaminants. Alaska's Air Quality
Control Act adopts the list of "air contaminants" provided within the federal Air Quality
Control Act. Alaska Stat. § 46.14.990(1), (4) (Lexis 1998) (regulating pollutants "listed
in or under 42 U.S.C. § 7412(b)"). Asbestos is listed among the "hazardous air
contaminants" regulated. 46 U.S.C. § 7412(b)(1) (West 1995 & Supp. 2001). We hold the
Gilcreases' absestos-exposure claims do not fall within the "hazardous waste" exception to
section 09.10.055.

 "Foreign Bodies" Tolling Provision

 The Gilcreases also argue their claims fall under section 09.10.055's tolling provision,
which permits the ten-year period to be tolled: 

during any period in which there exists the undiscovered
presence of a foreign body that has no therapeutic or diagnostic
purpose or effect in the body of the injured person and the action
is based on the presence of the foreign body.


Alaska Stat. § 09.10.055(c) (Lexis 1998). Neither section 09.10.055 nor any other Alaska
provision defines the term, "foreign body." (7) The legislative history indicates a narrow
interpretation of the term is appropriate:

Representative Porter referred to Section 5(2)(c), which he
described as somewhat unusual, a sticking point for which
accommodation was made along the way. "The old sponge left
in the body after surgery" kept coming up, he said. "We toll the
statute of repose. Tolling is a nice legal word for meaning that
it's null and void, held in abeyance until this thing is discovered,
that if there is a foreign body that has no therapeutic or
diagnostic purpose found . . . in a person's body, that is an
exception to the statute of repose." (8)

 Further, other courts tolling repose statutes in cases involving asbestos exposure rely on
specific provisions expressly regulating "asbestos-related injuries." See, e.g., Travis v. Ziter,
681 So.2d 1348, 1354-55 (Ala. 1996) (discussing Alabama's statutory exceptions to repose
statutes for "asbestos actions" and "medical malpractice"); Holmes v. ACandS, Inc., 711
N.E.2d 1289, 1290 (Ind. Ct. App. 1999) (discussing Indiana's "asbestos exception" to its ten-year repose statute); Ripley v. Tolbert, 921 P.2d 1210, 1219 (Kan. 1996) (discussing
Kansas's "latent disease exception," which expressly mentions asbestos); Rose v. Fox Pool
Corp., 643 A.2d 906, 914-15 (Md. 1994) (discussing the exception for "asbestos-related
diseases"); Spilker v. City of Lincoln, 469 N.W.2d 546, 546 (Neb. 1991) (discussing
exception for "injuries arising from exposure to asbestos"); Wyatt v. A-Best Prods. Co., 924
S.W.2d 98, 103-04 (Tenn. Ct. App. 1995) (discussing Tennessee's "asbestos" and "silicon
breast implant" exceptions to the ten-year repose statute). We hold the Gilcreases' claims
do not fall within section 09.10.055's tolling provision based upon the presence of "foreign
bodies." We overrule the Gilcreases' second issue.

Conclusion

 Because we interpret section 71.031 to encompass foreign statutes of repose, we hold
the Gilcreases' claims are governed by Alaska's ten-year statute of repose, section 09.10.055.
Further, we hold the Gilcreases' claims fall within section 09.10.055's effective date and
outside the claimed exceptions. We overrule the Gilcreases' issues and affirm the summary
judgment in favor of Tesoro. 

 PAUL W. GREEN

 JUSTICE


PUBLISH
1. "Unlike traditional limitations provisions, which begin running upon accrual of a cause of action, a statute
of repose runs from a specified date without regard to accrual of any cause of action. One court has characterized
statutes of repose as 'a substantive definition of, rather than a procedural limitation on, rights.'" Trinity River Auth.
v. URS Consultants, Inc., 889 S.W.2d 259, 261 (Tex. 1994) (quoting Lamb v. Wedgewood South Corp., 308 N.C.
419, 302 S.E.2d 868, 872 (1983)).
2. Dubai Petroleum Co. v. Kazi, 12 S.W.3d 71, 76-78 (Tex. 2000); see Act of April 8, 1913, 33rd Leg., R.S.,
ch. 161, §1, 1913 Tex. Gen. Laws 338, 338; Act of March 30, 1917, 35th Leg., R.S., ch. 156, §1, 1917 Tex. Gen.
Laws 365, 365.
3. Although some courts have excluded statutes of repose from the scope of their borrowing statute, other
courts, focusing on the legislative intent to prevent forum shopping, have held borrowing statutes encompass foreign
statutes of repose. See, e.g., Stuart v. American Cyanamid Co., 158 F.3d 622, 627 (2d Cir. 1998) ("[T]he purpose of
the borrowing statute - preventing forum shopping by plaintiffs seeking the holy grail of the longer period - is best
served by applying the period of the foreign state, regardless of how it is denominated."); Barnett v. Johnson, 839
F.Supp. 236, 238-40 (S.D.N.Y. 1993); Giest v. Sequoia Ventures, Inc., 83 Cal.App.4th 300, 303-04 (Cal.App.
2000); Hall v. General Motors Corp., 582 N.W.2d 866, 871 (Mich. 1998).
4. The Gilcreases also argue Tesoro's "wrongful conduct" occurred at the Texas headquarters, rather than at
the Alaska refinery, and as such, Texas law applies. However, the Gilcreases brought suit under section 71.031,
which by its own language, applies only when the "wrongful conduct" occurs outside Texas.
5. Alaska Stat. §09.10.055(b)-(c) (Lexis 1998). The Gilcreases' arguments regarding the applicability of
two other exceptions, the defective product exception and the gross negligence exception, are waived for failure to
raise them at the trial court level. City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex.1979).
6. The General Provisions of the Environmental Conservation Code defines "hazardous waste" as "a
waste or combination of wastes that because of quantity, concentration, or physical, chemical, or infectious
characteristics may . . . cause, or significantly contribute to, an increase in mortality or an increase in serious
irreversible or incapacitating reversible illness." Alaska Stat. §46.03.900(9) (Lexis 1998). Importantly, the
General Provisions separately define the term, "air contaminant," as "dust, fumes, mist, smoke, other particulate
matter, vapor, gas, odorous substances or a combination of these." Id. §46.03.900(1).
7. The Alaska Legislature has used the term in only one other statute relating to optometrists. Alaska Stat.
§08.72.273 (West 2001) (providing that a "licensee may remove superficial foreign bodies from the eye and its
appendages").
8. Floor Debates on H.B. 58, Ch. 26 SLA 97, Feb. 21, 1997, No. 1050. Other states use the term consistent
with this purpose. See, e.g., Calif. Civ. Proc. Code §340.5 (West 2001) (tolling the three-year limitations period on
medical malpractice actions until the discovery of "the presence of a foreign body, which has no therapeutic or
diagnostic purpose or effect"); Fla. Stat. Ann. §766.102(4) (West 2001) (creating a presumption of negligence
upon proof that a foreign body was left in patient's body); Wash. Rev. Code Ann. §4.16.350 (West 2001)
(providing medical malpractice action must be commenced within three years of the wrongful conduct, but tolling
the period "upon proof of . . . the presence of a foreign body not intended to have a therapeutic or diagnostic
purpose").