TESSIE BALASTIERE, Respondent, v. VITO LOVECCHIO, Appellant. FRANK BALASTIERE, Respondent, v. VITO LOVECCHIO, Appellant.— Plaintiff-wife recovered a judgment for personal injuries and her husband recovered a judgment for loss of services and medical expenses. Judgments of the City Court of Yonkers reversed on the law and the facts, with costs, and complaints dismissed on the law, with costs. The plaintiff-wife was injured when she slipped on a step leading from the porch into the inner hallway of a building where she was a tenant. The claimed defect is that the step was defective and dangerous in that it was worn and smooth. The defect was so slight and of such a character that a reasonably careful and prudent landlord could not have been expected to foresee that the step was dangerous. There is no proof of any previous accident. Under the circumstances, no actionable negligence was established. (*Charanis* v. *R. H. Macy & Co., Inc.*, 257 App. Div. 980, and cases cited.) Lazansky, P. J., Hagarty, Carswell, Johnston and Adel, JJ., concur.

CENTRAL HUDSON GAS & ELECTRIC CORPORATION, Respondent, v. ELMER DENNISTON, Appellant.— In an action to recover the balance of the purchase price of a refrigerator pursuant to a conditional sales contract, judgment of the County Court of Orange County in favor of plaintiff reversed on the law and the facts and matter remitted for determination pursuant to a further stipulation or for trial, costs to abide the event. The stipulation is insufficient to constitute a basis for a determination of the issues presented by the pleadings. Instead of setting forth all the material facts, the stipulation presents a question which assumes facts but, in any event, omits such factors as would determine the right to and the amount of recovery. Nowhere in the stipulation is it expressly stated that the warranty which is to be assumed was in fact breached. Nor was it stipulated that the refrigerator was worthless. Obviously, the defendant would not be entitled to recover the payments made on account of the purchase price and to retain the machine at the same time, and to urge such a measure of recovery after installment payments for one year. (*Donovan* v. *Aeolian Co.*, 270 N. Y. 267, 272–274.) Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ., concur.