ROSE MASLIACH, an Infant, by JOSEPH MASLIACH, Her Guardian ad Litem, and JOSEPH MASLIACH, Respondents, v. ANNA M. SCHRIEFER, Appellant.— Appeal by defendant from a judgment in favor of the infant plaintiff for personal injuries suffered by her, and in favor of her father for loss of services and medical attention. The infant plaintiff testified that her injuries were caused by tripping over a defective saddle at the door leading from the porch into the inner hallway of a multiple family dwelling owned by the defendant. The claimed defect is that the saddle was broken, unrepaired, worn out and in an unsafe condition. The photographs offered in evidence demonstrate that the outer edge or nose of the saddle was worn down irregularly, and at the point where the infant plaintiff alleges she slipped there was a small crack in the stone. There is no evidence that her foot was caught or that anything in the nature of a trap existed. The only claim is that the saddle was dangerous and defective because it was worn down. There was no proof of any previous accident. Under the circumstances, no actionable negligence was established. (Balastiere v. Lovecchio, 260 App. Div. 1030; Charanis v. Macy & Co., Inc., 257 id. 980.) Judgment reversed on the law and the facts, with costs, and the complaint dismissed on the law, with costs. Lazansky, P. J., Carswell, Johnston, Taylor and Close, JJ., concur.

EDWARD NELSON, as Administrator, etc., of OLAVA NELSON, Deceased, and EDWARD NELSON, Respondents, v. THE CITY OF NEW YORK, Appellant.— Action to recover damages for injuries suffered by plaintiff's intestate as a consequence of her fall, due to stepping into a substantial break in the curb of the sidewalk at Fifth avenue and Ninety-second street, Brooklyn. Companion action for loss of services and expenses. Judgment for plaintiffs unanimously affirmed, with costs. The condition which caused plaintiff's intestate to fall did not exist as a consequence of intentional and purposed construction on the part of the city. It existed because of neglect to repair a break in the curb of a character which a jury was free to find was dangerous. The condition may not be treated as being in the class of intentional construction of a sloping curb or a sloping sidewalk. Cases relating to the latter are inapposite. The curb condition existed as a consequence of neglect for at least a year. (Belmore v. Village of Amityville Corp., 255 App. Div. 1002; leave to appeal denied, 280 N. Y. 849; Clutterbuck v. Springfield, 261 Mass. 64; 158 N. E. 259.) The court's rulings sustaining objections to questions propounded to the witness McNelus were correct. No proper foundation was laid for such questions. The witness was not shown to be familiar with the condition of which complaint is made. He was merely shown to be familiar with the location. Nor was it shown that the condition in respect of the curb at the time when he passed over it was the same as when the accident herein occurred. Neither was it shown that he had any official or personal duty to concern himself with whether or not there were prior accidents or complaints. Therefore, assuming, without deciding, that proof of prior accidents or absence thereof was permissible (although a condition relating to the construction of a sidewalk or structure or appliance is not involved), no competent proof of this character was proffered. Competent evidence of this kind was permitted in the course of the testimony of the police officer Barrett. Present — Hagarty, Carswell, Johnston, Adel and Taylor, JJ.