J. Irwin Shapiro, J.
The jury in this case found a verdict in favor of the plaintiff on the issue of liability. By consent, the damages were fixed at $7,500 and the verdict was amended to read as being a verdict in favor of plaintiff in the sum of $7,500.
It now becomes necessary for the court to pass upon the motion made at the end of the plaintiff’s case and renewed at the end of the whole case, to dismiss upon the ground that the plaintiff failed to prove facts sufficient to constitute a cause of action and also upon the defendant’s motion made upon the same grounds to set aside the verdict and for the direction of a verdict in favor of the defendant.
The accident happened in premises 737 Broadway, in the Borough of Manhattan, on July 10, 1957 as the plaintiff was leaving the building. It is apparently a combined office and factory building. The sole predicate for liability here is contained in the plaintiff’s bill of particulars which in pertinent part reads as follows: ‘1 The door in question was dangerous and defective in that it was dangerously constructed and did not have proper door checks thereon to prevent the rapid slamming thereof and/or that such door checks were not kept in good repair; the doorway and doorsill were dangerous, defective and hazardous in that there was an elevation which was hidden and of which no warning was given; the door check was in poor repair; the defendants were otherwise negligent and careless in that they failed to give any warning of the hidden dangers of the doorway and door check and in other manners and in that they violated the Building Code and other Laws.”
Upon the trial the court, because of the absence of any proof in connection therewith, excluded from the consideration of the jury every allegation of negligence contained in the bill of par *967 ticulars except that pertaining to the sill. It was left to the jury to determine whether or not the saddle or sill, two and one-half inches high, was, under all of the circumstances, a danger and a trap.
The plaintiff upon attempting to leave the building was walking about two feet behind someone else who had opened the inner door, which, except for its frame, was made entirely of glass. The plaintiff testified that the door had not yet closed and in reaching for the handle of the door, which was on his left side, he tripped over the saddle and banged his head and his left knee into the glass door, which cracked and broke, causing him his injuries.
The saddle was described as a metal sill with beveled edges on the end, but straight up and down on both center sides. There is no contention made that there was any aperture, opening or crevice between the sill and the floor. In fact plaintiff’s proof shows that there was solid cement on both sides of the sill.
Plaintiff offered no proof to show that the construction of the saddle at a height of two and one-half inches was violative of any provision of law, nor was any engineering or other construction expert called to testify to any danger inherent in such construction or that it was not the customary and ordinary type of sill used in factory and office buildings in the metropolitan area.
Under the circumstances I am persuaded, as I stated to both counsel before I submitted the case to the jury, that the plaintiff failed to prove any actionable negligence on the part of the defendant.
The case of Suglia v. Lomoleno (248 App. Div. 595) submitted to me as an authority for sustaining the plaintiff’s verdict in this case is not in point. I was fully cognizant of that case since I was the attorney for the plaintiff-appellant there. However, to refresh my recollection of the facts, I sent for the record on appeal. A reading thereof makes it crystal clear that the basis for the determination in that case was the closeness of the door sill to the edge of the first step of the outside stairway.
The rationale for the reversal is found in the Per Curiam opinion of the court which states: ‘ ‘ that the construction and maintenance of the door sill so close to the edge of the floor at ■ the first step in the stairway raised a question of fact as to negligence on the part of the defendant which should have been submitted to the jury. (Kern v. Great Atlantic & Pacific Tea Co., 241 N. Y. 600.)
In Kern (p. 601), as the record on appeal shows, the plaintiff described the accident as follows: “As I was going out, I *968 tripped over the saddle, or whatever you call it, and I fell down the incline of the steps ”. The saddle was “ right at the edge ” of “ the floor The plaintiff there stumbled or tripped over the saddle and by reason of its proximity to the outside staircase fell down the steps and forward into the street. The Court of Appeals modified the determination of the Appellate Division, which had dismissed the complaint, and ordered a new trial saying: “We are of the opinion that the trial court was right in holding that a question of fact was presented; that it was for the jury to say upon all the facts whether the defendant has exercised the care which a reasonably prudent person would exercise in placing and maintaining the sill in the manner in which it was placed and maintained”. Kern v. Great Atlantic, & Pacific Tea Co., 241 N. Y. 600, 602, supra.)
Thus, the basis of the determination in that case was that the sill had been placed in such close proximity to the outside steps, that a mere tripping or stumbling of the plaintiff over it caused her to be catapulted down the staircase. It was by reason of that lone fact of proximity of the sill to the steps that there was held to be actionable negligence on the part of the defendant.
In this case the saddle was not placed in close proximity to any dangerous object or instrumentality. The saddle was not near the outside steps or near any other door into which the plaintiff might be catapulted or thrown if he tripped or stumbled over it. It was properly placed under the very door which it was intended to serve, and the tripping over it by the plaintiff, without more, cannot cast the defendant in damages.
In Masliach v. Schriefer (264 App. Div. 786) the Appellate Division reverse a judgment in favor of the plaintiff and dismissed the complaint because there was no evidence that anything in the nature of a trap existed. In discussing the liability, the court held: “ The infant plaintiff testified that her injuries were caused by tripping over a defective saddle at the door leading from the porch into the inner hallway of a multiple family dwelling owned by the defendant. The claimed defect is that the saddle was broken, unrepaired, worn out and in an unsafe condition. The photographs offered in evidence demonstrate that the outer edge or nose of the saddle was worn down irregularly, and at the point where the infant plaintiff alleges she slipped there was a small crack in the stone. There is no evidence that her foot was caught or that anything in the nature of a trap existed. The only claim is that the saddle was dangerous and defective because it was worn down. There was no proof of any previous accident. Under the circumstances, no actionable negligence was established. (Balastiere v. Lovecchio, *969 260 App. Div. 1030; Charanis v. Macy & Co., Inc., 257 id. 980.) Judgment reversed on the law and the facts, with costs, and the complaint dismissed on the law, with costs.”
In Nedwell v. Green (266 App. Div. 861) the Appellate Division, Second Department, affirmed the dismissal of the complaint in an action to recover damages for personal injuries “ predicated upon the improper construction of a door saddle ”. In its memorandum the court said that ‘ ‘ the evidence failed to show any actionable negligence in the construction of the saddle ”, a statement appropriate to the facts here.
Since there was nothing improper about the placement of the saddle where it was, or its basic construction, or its condition at the time in question, and since its size or height did not, so far as the record discloses, violate any rule or regulation of law, the accident to the plaintiff is not compensable in this negligence action. Under the circumstances I have no alternative but to grant the motion of the defendant to set the verdict aside and to dismiss the complaint. Such disposition renders moot the motion made at the end of the plaintiff’s, and at the end of the whole case.