■ STATE OF NEW YORK HIGHER EDUCATION SERVICES CORPORATION, Respondent, v JEFFREY STARR, Appellant.—Mercure, J.

Plaintiff commenced this action to recover the balance of defendant's student loan, which it was required to pay under the terms of its guarantee to the creditor bank. Following joinder of issue, defendant moved to dismiss the action as barred by the applicable Statute of Limitations. Supreme Court (Torraca, J.) denied the motion, the action proceeded through discovery and defendant again moved to dismiss the complaint upon the same ground. Supreme Court (Harris, J.) denied the motion as barred by law of the case. Defendant now appeals.

As a preliminary matter, we address the conflict of whether either or both of the motions were to dismiss the complaint, pursuant to CPLR 3211 (a) (5) or, on the other hand, for summary judgment dismissing the complaint pursuant to CPLR 3212 (b). In our view, where, as here, the date of accrual of the cause of action cannot be discerned from the face of the complaint, there is no meaningful distinction between the two. In such a case, regardless of the label placed upon the motion, the movant is required to support the motion with an affidavit or other competent proof sufficient, if uncontroverted, to establish the defense as a matter of law *(see, Doyon v Bascom,* 38 AD2d 645). Accomplishing that, the burden shifts to the plaintiff to come forward with evidence contrary to that submitted by the movant or otherwise tending to establish a tolling of the statute *(see, supra; see also, Randustrial Corp. v Acme Distrib. Center,* 79 AD2d 862). If the movant's initial showing is inadequate or if disputed facts exist, the court will either conduct an immediate trial of the issue *(see,* CPLR 3211

[c]; 3212 [c]) or deny the motion and leave resolution of the issue to the trier of fact (see, Bernstein v La Rue, 120 AD2d 476, lv dismissed 70 NY2d 746). In the latter event, the court does not make a legal determination as to the merit of the defense of Statute of Limitations; rather, it decides only that the merit of the defense cannot be determined on the evidence before it. Consistent therewith, Supreme Court denied the initial motion upon the ground that it was "deficient in that quantum of evidentiary facts which is necessary to obtain the relief requested".

It naturally follows that the doctrine of law of the case has no application here. That doctrine, applying exclusively to questions of law, makes a legal determination in a given case binding not only on the parties, but on all other Judges of coordinate jurisdiction (Siegel, NY Prac § 448, at 593; see, 1 Carmody-Wait 2d, NY Prac §§ 2:64, 2:66, at 76, 79). As already noted, Supreme Court resolved no question of law on the first motion (see, 6 Carmody-Wait 2d, NY Prac § 39:39, at 492). The record clearly demonstrates, in our opinion, that defendant made two motions for summary judgment upon the same ground before two different Judges. This court has repeatedly instructed that, in such circumstances, the second motion should be considered a motion to reargue or renew and transferred to the Judge who heard the first motion (see, CPLR 2221; Lewis Constr. v Gush, 110 AD2d 1017, 1019; La Freniere v Capital Dist. Transp. Auth., 105 AD2d 517, 518). Accordingly, Supreme Court's order should be reversed and the motion transferred to the proper Judge (see, CPLR 2221).

Order reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this court's decision. Casey, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.