■ UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA, Respondent, v NYACK WATERFRONT ASSOCIATES et al., Respondents, and WILLIAM F. HELMER et al., Defendants and Third-Party Plaintiffs-Respondents. GRANIK SILVERMAN SANDBERG CAMPBELL NOWICKI RESNIK et al., Third-Party Defendants-Appellants. [623 NYS2d 601] —In an action to foreclose a mortgage and for related relief, the third-party defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Rockland County (Beisner, J.), dated March 8, 1993, as denied their motion pursuant to CPLR 3211 to dismiss the plaintiff's amended complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The appellants moved to dismiss the plaintiff's amended complaint arguing, *inter alia,* that, pursuant to New York's borrowing statute, the three-year Statute of Limitations of the District of Columbia bars the plaintiff's causes of action *(see,* CPLR 3211 [a] [5]; 202; DC Code 1981 § 12-301). The Supreme Court properly declined to determine the merits of this defense, *i.e.,* whether the causes of action accrued in the District of Columbia, since there was insufficient evidence before it to make such a determination *(see,* CPLR 202; *State of N. Y. Higher Educ. Servs. Corp. v Starr,* 158 AD2d 771; *see also, Martin v Dierck Equip. Co.,* 52 AD2d 463, 466, *affd* 43 NY2d 583). In any event, even assuming that the causes of action accrued in the District of Columbia, the appellants failed to demonstrate their amenability to jurisdiction there *(see, Rescildo v Macy's,* 155 AD2d 379; *see also, State of N. Y. Higher Educ. Servs. Corp. v Starr,* 158 AD2d 771, *supra).*

The Supreme Court properly determined that the amended complaint states a cause of action against the appellants *(see,* CPLR 3211 [a] [7]; *see also, Santulli v Englert, Reilly & McHugh,* 78 NY2d 700, 707, 709; *Gordon v De Laurentiis Corp.,* 141 AD2d 435, 436; *Reade v Sullivan,* 259 App Div 229).

In light of these determinations, we decline to address the parties' remaining contentions. Sullivan, J. P., Rosenblatt, Copertino and Hart, JJ., concur.