■ KAREN GROSSMAN, Respondent, v HENRY MELLER, Appellant. [623 NYS2d 857] —Order, Supreme Court, New York County (Jacqueline Silbermann, J.), entered on or about August 5, 1993 which, insofar as appealed from, dismissed so much of the action as seeks to modify the custody provisions of the parties' divorce judgment on the ground of forum non conveniens, unanimously reversed, on the law, without costs, and the

matter remanded to the Administrative Judge of Supreme Court, Civil Term, for immediate assignment for hearing and determination on the merits.

The parties to this action were married on March 24, 1985. A daughter, Ana, was born on May 3, 1986. It appears that defendant husband suffered setbacks in his business and consequently experienced severe mood swings and feelings of intense anger. The parties separated in April 1988, and divorce proceedings were apparently instituted later that year.

A report of the Family Counselling Unit dated October 16, 1989 states that defendant was diagnosed by one court-appointed consulting psychiatrist as having a "depressive neurosis". The report also states that defendant "genuinely loves his child and wants to be a part of her life", noting that Ana likes to spend time with her father and "is not afraid of him." It indicates that, during a joint counselling session with both parties in March 1989, plaintiff considered moving to the Midwest "for six months or so with Mr. Meller's approval", but "later decided to remain in New York City." In accordance with the report's recommendation, interim custody of the child was awarded to plaintiff.

Various documents contained in the record, including an order of the Supreme Court dated January 3, 1992, establish that, in late July 1990, plaintiff took Ana to the Chicago area, where they currently reside. At the time plaintiff removed the child from this State, the issue of whether plaintiff should be permitted to relocate with the child was pending before Supreme Court (Carmen Beauchamp Ciparick, J.), which had assigned the matter to a Judicial Hearing Officer to hear and determine. Six hearings were held from August through November 1990, after which the parties submitted extensive exhibits and memoranda. In an order filed July 16, 1991, the Referee (Alexander A. Delle Cese, J.H.O.) found that no extenuating circumstances justified plaintiff in removing the child to Illinois and directed that defendant have visitation on the second weekend of every month in Chicago and on the last weekend of every month in New York.

In early October 1991, the case was assigned to IAS Part 18. The court (Walter M. Schackman, J.) held several meetings with the parties and issued an order dated January 3, 1992, in which it observed that defendant appeared *pro se*. Noting an "inconsistency" in the ruling of the Judicial Hearing Officer in failing to order the child's return to this jurisdiction, the court directed plaintiff to bear the expense of the child's transporta-

tion and any necessary accommodations for the weekend Ana was to spend in New York each month. The court also stated that "in view of plaintiff's renewed request for supervised visitation I find it in the best interest of Ana to conduct a full new hearing on plaintiff's relocation application and the custody and visitation arrangements best serving Ana's interests."

The matter next came before IAS Part 18 (David B. Saxe, J.) upon defendant's motion, *inter alia,* to punish plaintiff for contempt for failure to comply with the ordered visitation in New York and plaintiff's cross motion, *inter alia,* to punish defendant for failure to comply with discovery requests and for various forms of monetary relief. By order dated May 20, 1992, the court noted that defendant was current in his child support payments and reaffirmed plaintiff's obligation to pay for one trip a month to New York so that Ana might visit her father. A conditional order of preclusion was entered against defendant on the discovery issue, and plaintiff was awarded maintenance arrears and other monetary relief.

The same Justice decided a motion by defendant for *pendente lite* change of custody (and another issue that was moot by the date the order was signed) together with a cross motion by plaintiff seeking discovery, monetary relief and dismissal of so much of defendant's motion as seeks a change of custody. In the interim, a judgment of divorce was entered on September 23, 1992 (David B. Saxe, J.), specifically severing all ancillary issues for trial and continuing support in accordance with the order of January 3, 1992 (Schackman, J.). By order dated October 13, 1992, Justice Saxe found no sufficient basis to order the change in custody sought by defendant and denied plaintiff's cross motion seeking dismissal of the custody issue on the ground that no party continues to reside in New York State, noting that no final determination of custody had yet been made. The court ruled that the Uniform Child Custody Jurisdiction Act empowers the courts of this State to make a custody determination when this State was the child's State of domicile at the commencement of the custody proceeding (Domestic Relations Law § 75-d [1] [a]) and that nothing in the statute purports to divest a court of jurisdiction that it has properly obtained. The remainder of the cross motion was essentially denied on the basis of law of the case.

In ruling on a later motion and cross motion dated January 15, 1993, the court referred the question of visitation, together with ancillary issues, including applications by both parties to cite the other for contempt, to a Special Referee to hear and

report. No appeal was ever taken from these determinations. However, for whatever reason, defendant sought an order recusing Justice Saxe from entertaining further proceedings in this matter, which the court granted.

In the application under review, brought by order to show cause, plaintiff seeks both monetary relief and dismissal of the action as it regards custody of the infant Ana. Defendant cross moves for relief from his monetary obligations under the divorce decree and for custody of the child. Supreme Court (Silbermann, J.), while acknowledging the prior order of Justice Saxe on the issue of jurisdiction, held that the "second prong" of the criteria for jurisdiction under the Uniform Child Custody Jurisdiction Act (Domestic Relations Law art 5-A) "as set forth in DRL § 75-h precludes New York State from exercising jurisdiction in this case." The court disposed of the remainder of the motion and cross motion by referring the issues to a Special Referee "as previously ordered in the January 15, 1993 decision of the Hon. David B. Saxe" except that defendant's request for immediate return of Ana to the New York metropolitan area was denied as an application for "reargument of the July 15, 1991 order permitting relocation" issued by Judicial Hearing Officer Alexander A. Delle Cese.

Given the particular circumstances, we believe a reversal is warranted. The courts of this State clearly have jurisdiction over all issues, including custody. The ruling issued by Justice Saxe on this question remains the law of the case, and it may not be contravened by a court of coordinate jurisdiction (State of N. Y. Higher Educ. Servs. Corp. v Starr, 158 AD2d 771; see also, George W. Collins, Inc. v Olsker-McLain Indus., 22 AD2d 485). Having failed to take an appeal from the ruling, plaintiff may not seek to directly overturn it, although it remains subject to collateral attack (see, Boorman v Deutsch, 152 AD2d 48, 54, lv dismissed 76 NY2d 889). Nor does the passage of time amount to a material change in the posture of this case so as to permit consideration of the question of jurisdiction de novo. In making his determination, Justice Saxe relied on the situs of the child's home State (Domestic Relations Law § 75-c [5]) at the time the custody proceedings were commenced, a jurisdictional predicate which remains immutable.

Regarding the merits of the issue of custody, the rule is otherwise. As noted by the Practice Commentary cited by Supreme Court, "custody and visitation determinations, whether stipulated or imposed by court decree, are never final and are hence always modifiable" (Sobie, Practice Commentaries, McKinney's Cons Laws of NY, Book 14, Domestic Rela-

tions Law § 75-b, at 292). Defendant's motion to regain custody of the infant Ana is therefore not subject to summary dismissal as a motion for reargument. Even if it were, the order entered July 16, 1991 (Alexander A. Delle Cese, J.H.O.) cannot possibly be portrayed as "permitting relocation", as Supreme Court construed it. To the contrary, it holds that plaintiff failed to demonstrate exceptional circumstances to justify depriving defendant of reasonable access to his child by relocating her to Chicago. The order simply omitted, or declined, to order the return of the child to this State, although acknowledging that the best interests of the child are generally served by affording the opportunity for guidance and nurturing by both parents (citing *Daghir v Daghir,* 56 NY2d 938).

At issue on this appeal is whether Supreme Court properly declined to exercise jurisdiction on the ground of forum non conveniens, a decision that a court may reach "any time before making a decree if it finds that it is an inconvenient forum to make a custody determination under the circumstances of the case and that a court of another state is a more appropriate forum" (Domestic Relations Law § 75-h [1]). Our concern is that the court, in declining to exercise jurisdiction, may have placed undue emphasis on the physical presence of the child in Illinois, to the exclusion of other considerations, particularly the statutory purpose to be promoted and the ability of the parties to litigate this matter elsewhere.

If, as Supreme Court seems to suggest, the statute permits a party to impose a forum for determination of custody simply by transporting the child to that State, without leave of the court before which proceedings are pending, then it must be concluded that this legislation is uniquely ill-suited to accomplish its avowed purpose of, *inter alia,* deterring unilateral removal of a child to another State to obtain custody by self-help (Domestic Relations Law § 75-b [1] [e]). The Uniform Child Custody Jurisdiction Act provides that it "shall be construed to promote the general purposes stated in [Domestic Relations Law § 75-b]", one of which is to "deter abductions and other unilateral removals of children undertaken to obtain custody awards" (Domestic Relations Law § 75-b [2]; [1] [e]).

This matter has been before the courts of New York for over five years. Plaintiff has at all time been represented by counsel, and defendant has appeared *pro se* for at least the last three years. No action is pending in any other jurisdiction, nor did Supreme Court require, as a condition of dismissal of the custody issue, that any such proceeding be

commenced (Domestic Relations Law § 75-h [5]). While the history of this matter would suggest that plaintiff is capable of litigating in this State, it appears that defendant, who is unable to afford to retain counsel in New York, would be incapable of litigating the matter in Illinois, either by making appearances *pro se* or by retaining local counsel. While appearing for hearings in New York may present a difficulty to plaintiff, it may constitute an impossibility for defendant to obtain adequate representation of his interests before the courts of Illinois.

In the five years this matter has been pending, Supreme Court has amassed a record and gained a familiarity with the parties and the issues. Custody of the child was awarded to plaintiff, *pendente lite,* and Ana has at all times remained with her mother. Had plaintiff not removed the child from this State without leave of court, and if the practical result were not to deprive defendant of the opportunity to fairly litigate the issue of custody, we would be content to acquiesce in Supreme Court's decision. However, it advances neither the statutory purpose nor respect for the judicial process to permit plaintiff to do by indirection and self-help that which she is prohibited from doing directly upon application to the court.

Under the circumstances presented by this case, Supreme Court will retain jurisdiction to modify the terms and conditions of the divorce (including alimony, monetary judgments, and custody) to enforce the respective rights of the parties and to advance the best interests of the child. Concur—Ellerin, J. P., Ross, Rubin and Nardelli, JJ.