INSURANCE COMPANY OF NORTH AMERICA and Fidelity and Casualty Company of New York, as subrogees of AES Placerita, Inc., Plaintiffs–Appellees,

v.

ABB POWER GENERATION INC., Defendant–Appellant.

No. 686, Docket 96–7691.

United States Court of Appeals, Second Circuit.

Argued Jan. 16, 1997.

Decided April 23, 1997.

Susan Condon, Chicago, Illinois (James T. Ferrini, James M. Hoey, Thomas J. Skeffington, Robert A. Stern, Clausen Miller, P.C., Chicago, Illinois, of counsel), for Plaintiffs–Appellees.

Stuart I. Parker, New York City (Kennard M. Goodman, Pollack & Greene, LLP, New York City, of counsel), for Defendant–Appellant.

Before: VAN GRAAFEILAND, LEVAL, and CABRANES, Circuit Judges.

LEVAL, Circuit Judge:

Defendant ABB Power Generation Inc. appeals from the judgment of the United States District Court for the Southern District of New York, Lewis A. Kaplan, *Judge,* finding that plaintiffs' claims are not barred by applicable statutes of limitations, holding that plaintiffs' tort claims are arbitrable, and ordering arbitration. The question whether plaintiffs' demand for arbitration of the contract claims is timely turns on the interpretation of New York statutory law on which there is no authoritative guidance from the

courts of New York. We have decided to certify this question to the New York Court of Appeals. We respectfully request the Court's guidance on this issue governed by the law of New York.

As to the arbitrability of the tort claims, we defer ruling until we receive the answer of the New York Court of Appeals.

### Background

This action was precipitated by an equipment failure at a California power plant. The plant was built for AES Placerita, Inc. ("AES" or the "Owner") by a predecessor of defendant ABB Power Generation Inc. ("ABB" or the "Builder"). The Owner was insured by plaintiffs Insurance Company of North America and Fidelity and Casualty Company of New York ("INA/FCC" or the "Insurers"). The Owner and the Builder entered into a contract for the design and construction of the plant. Construction under the contract was completed in due course, and the plant was accepted by the Owner in September 1988. Some two years later, in January 1991, one of the plant's steam turbines malfunctioned and was so badly damaged that the entire facility was shut down until June of that year. The Owner filed a claim with the Insurers, which paid the Owner more than $5.5 million, covering repairs and business interruption. Acting as the Owner's subrogees, the Insurers then served a demand on the Builder that it submit to arbitration under the terms of its contract with the Owner to answer tort and contract claims.

After unsuccessful attempts to settle with the Builder, the Insurers filed suit in New York Supreme Court for New York County to compel arbitration and obtain a declaratory judgment that their claims were not time barred. The Builder removed the case to the United States District Court for the Southern District of New York, and an-

swered to the effect that the contract claims were untimely and that it had no obligation to arbitrate tort claims. After trial on a stipulated record, Judge Kaplan rejected the Builder's defenses and ordered the parties to proceed to arbitration. *Insurance Co. of N. Am. v. ABB Power Generation, Inc.,* 925 F.Supp. 1053 (S.D.N.Y.1996). The Builder brought this appeal from those rulings.

On appeal, the Builder contends that the tort claims were not subject to arbitration and that the contract claims were barred by California's 4–year limitation period for claims on written contracts, Cal.Civ.Proc. Code § 337(1)(West 1997), made applicable under New York's "borrowing statute." N.Y. C.P.L.R. § 202 (McKinney 1990).

We defer ruling on Judge Kaplan's finding that the Insurers' tort claims are arbitrable. The question whether the demand for arbitration of the contract claims was timely under New York law we respectfully certify to the New York Court of Appeals.

### Discussion

The parties agree that New York law governs the determination whether the demand for arbitration was timely. The contract's arbitration article specifies, "All Disputes between the parties hereto shall be resolved ... by an arbitration panel ... except that the Panel shall have no authority to act upon a claim if the party claimed against could successfully assert the statute of limitations as a bar to such claim if a law suit were brought on it." This commitment to arbitrate "shall be specifically enforceable under the prevailing arbitration laws of the State of New York." The contract thus applies the limitation period governing litigation of a claim under New York law to a demand for arbitration of that claim.[1]

The question remains whether New York's choice of law principles call for use of New

---

1. The contract also contains a clause providing that California law applies "to any question involving the legal effect of this contract or its construction or interpretation," raising the question whether limitation periods might not be governed by California law. Sitting in diversity, the district court was obliged to apply the choice of law rules of the state where it sits. *Klaxon Co.*

*v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 496, 61 S.Ct. 1020, 1021, 85 L.Ed. 1477 (1941). Because New York law treats statutes of limitations as procedural, Judge Kaplan found that the contract's selection of substantive California law to resolve contract disputes did not make California's statutes of limitations applicable. On appeal, ABB does not dispute this holding.

York's limitation period. In particular, the parties dispute whether New York's borrowing statute, N.Y. C.P.L.R. § 202 (McKinney 1990), makes California's limitation period applicable. Under § 202, "[a]n action based upon a cause of action accruing without [New York] state cannot be commenced after the expiration of the time limited by the laws of either the state [of New York] or the place without the state where the cause of action accrued," unless plaintiff is a New York resident. *Id.*

The parties are not New York companies, and the plant breakdown occurred in California. The Builder asserts that because the claims "accrued" in California, § 202 directs the borrowing of California's statute of limitations, which is stricter than New York's and allegedly bars the claims. Judge Kaplan rejected this argument. He ruled that § 202 is inapplicable because the contract's selection of a New York arbitration venue precludes arbitration outside New York. In his view, § 202 was designed to protect New York defendants from time-barred foreign claims. Foreign claimants who were barred from bringing the claims where they arose might be tempted to resuscitate them by taking advantage of more generous New York limitation periods. Section 202 was designed to foreclose such forum shopping by requiring the New York courts to apply the shorter foreign statutes in these circumstances. Here, because the forum selection clause designates New York as the exclusive venue for arbitration, there is no issue of forum shopping. In Judge Kaplan's view, because the Insurers never had the option to bring the Owner's claims in California, the anti-forum-shopping policies underlying § 202 would have no application to their action. New York would simply treat this as an arbitration appropriately sought in New York, rather than as an improper effort to resuscitate a lapsed California claim.

In refusing to apply § 202, Judge Kaplan relied primarily on the analysis set forth in *Stafford v. International Harvester Co.,* 668 F.2d 142 (2d Cir.1981). In *Stafford,* the plaintiff, a New Jersey resident, had been injured in an accident in Pennsylvania when the steering mechanism on his tractor truck failed. Plaintiff brought suit in New York against a mechanic shop which had performed repairs on the steering mechanism; the relevant Pennsylvania statute of limitations provided a shorter period than New York's and would have barred the claims. Applying § 202, the district court borrowed the Pennsylvania limitation period and dismissed the suit as untimely.

This court reversed on appeal. The mechanic shop had no ties to Pennsylvania that could subject it to personal jurisdiction there. We noted that, under the circumstances, an attempt to sue that defendant in New York does not constitute the sort of forum shopping that the borrowing statute was intended to prevent. *Id.* at 151–53. We therefore held that § 202 did not bar the suit against the mechanic shop.

■ Under *Stafford,* "in order to effectuate the purpose which the [borrowing] statute was designed to serve" § 202 applies "only to statutes of limitations of states where suit could have been brought," *i.e.,* only where defendants are subject to personal jurisdiction. *Id.* at 151 (internal quotation omitted). Accordingly, we held that a cause of action cannot "accrue" for borrowing statute purposes in a jurisdiction where the defendant is not amenable to suit. *Id.* at 153. Judge Kaplan found the *Stafford* rationale for bypassing the borrowing statute equally apposite where arbitration outside New York was precluded by an arbitration agreement's choice of venue. *Insurance Co. of N. Am.,* 925 F.Supp. at 1060.

It is certainly true that in this case, as in *Stafford,* no action could be brought in the alternate forum whose statute of limitations might be "borrowed." The Builder contends that the action nevertheless accrued in California and is thus subject to the borrowing of the California statute, notwithstanding the agreement of the parties to the contract to seek arbitration only in New York. The Builder further argues that the arbitration agreement, read as a whole, expresses an intent to adopt New York procedural law *including* the borrowing statute.

There has been little discussion by the New York courts of our ruling in *Stafford* interpreting § 202. Since *Stafford,* the New

York Court of Appeals has not reviewed the issue, and only a few New York decisions have addressed it at all. The Appellate Divisions of two departments have followed *Stafford*'s reasoning for law suits brought in New York where jurisdiction could not be obtained over the defendant in the state where the limitation period had expired. *See United Bhd. of Carpenters and Joiners v. Nyack Waterfront Assocs.*, 212 A.D.2d 778, 623 N.Y.S.2d 601, 601 (2d Dep't 1995) (refusing to bar mortgage foreclosure under shorter District of Columbia limitation period where defendants failed to show amenability to jurisdiction there); *Rescildo v. R.H. Macy's*, 187 A.D.2d 112, 594 N.Y.S.2d 139, 141 (1st Dep't 1993) (holding borrowing statute inapplicable to personal injury action against New York corporations that were not subject to personal jurisdiction in the state whose limitation period had run). We do not know whether the New York Court of Appeals would apply the reasoning of *Stafford* at all, limiting the scope of § 202. Assuming the New York Court of Appeals would apply *Stafford*'s reasoning in a personal injury action in which it was impossible to obtain jurisdiction over the defendant in the state having the shorter period, we do not know whether the court would rule similarly in this case.

We think these important questions of New York law should be decided by the New York Court of Appeals. New York is an arbitration capital, and contracting parties have an interest in knowing that bargained-for arbitration procedures will be predictably enforced. Were we simply to apply *Stafford*'s reasoning to this case, parties contracting for arbitration in New York might be lulled into allowing the limitation periods of other states to expire before initiating action. If the New York court should later decide that *Stafford*'s reasoning does not correctly reflect New York law, or is not applicable to arbitration agreements choosing New York venue, reasonable expectations could be expensively undermined. We therefore think the more prudent course is to ask the New York court to decide the issue in the first instance.

## Conclusion

We certify to the New York Court of Appeals the following question: Had this action been adjudicated in the courts of New York, would the timeliness of the contract claims be determined by reference to New York's limitation period or, under CPLR § 202, would the New York courts borrow California's shorter limitation period?

We do not intend, by so formulating the question, to limit the Court of Appeals's authority to respond broadly. The certified question may be deemed expanded to cover any further pertinent question involved in the appeal that the Court of Appeals chooses to answer.

It is hereby ORDERED that the Clerk of this Court transmit to the Clerk of the Court of Appeals of the State of New York a Certificate, as set forth below, together with a complete set of the briefs, appendix and record filed in this Court by the parties. The parties are directed to bear equally such fees and costs as may be directed by the New York Court of Appeals.

This panel retains jurisdiction so that after we receive a response from the New York Court of Appeals we may dispose of the appeal.

\* \* \*

## Certificate

The foregoing is hereby certified to the Court of Appeals of the State of New York, pursuant to § 500.17 of the Rules of the New York Court of Appeals (McKinney's 1997 Rules of Court) and § 0.27 of the Local Rules of the United States Court of Appeals for the Second Circuit, as ordered by the United States Court of Appeals for the Second Circuit.