OPINION OF THE COURT
F. Dana Winslow, J.
Plaintiffs motion to dismiss on the basis that the Court lacks jurisdiction or, alternatively, on the basis of “forum non conveniens” is determined as follows.
This is a matrimonial action that was filed on February 6, 1996. The parties were married in Texas in 1973. They moved to New York in 1978 and lived there together continuously, as husband and wife, for 18 years. In January 1996, defendant Cathy Caivano and the parties’ three children moved back to Texas. Plaintiff Roy Caivano commenced this action one month later in New York. At the time of filing, plaintiff was a resident and domiciliary of the County of Nassau, State of New York. Defendant, who had taken up residence in Tarrant County, Texas, appeared, answered and counterclaimed in New York.
The action was bitterly contested and subject to numerous delays. After two years of litigation, plaintiff moved to Tarrant County, Texas. He asserts that he has been a full-time resident and domiciliary there since March 1998, along with his wife and three children. On that basis, plaintiff argues that the Court no longer has subject matter jurisdiction to enter a decree of divorce. Further, plaintiff argues that the Court lacks subject matter jurisdiction over the child custody and support issues, and personal jurisdiction over defendant’s counterclaims against plaintiff.
The power of a court to entertain a divorce action and render a binding decree rests upon the court’s jurisdiction over the marital res. (Senor v Senor, 272 App Div 306.) A decree entered without such jurisdiction is not entitled to full faith and credit and is therefore subject to collateral attack in another state. Personal jurisdiction over both parties is not sufficient to confer jurisdiction over the marital res. Jurisdiction over the marital res requires that at least one of the parties be a domiciliary of the State in which the court resides. (Senor v Senor, supra, citing Williams v North Carolina, 325 US 226.)
In the instant action, the Court had jurisdiction over the marital res at the time of commencement. At that time, plaintiff was an 18-year resident and domiciliary of the State *554 of New York. The question is whether the Court retains jurisdiction over the marital res when the sole remaining domiciliary leaves the State during the pendency of the action. Put another way, when is the relevant time for ascertaining jurisdiction over the marital res — upon commencement of the action or upon issuance of the decree? The parties have cited no case law that directly addresses this question.
Some confusion in the case law stems from the indiscriminate and interchangeable use of the terms “subject matter jurisdiction” and “jurisdiction over the marital res.” Subject matter jurisdiction deals with the court’s authority over the subject matter of a dispute. The underlying concern is the court’s competence to entertain a particular cause of action. A judgment rendered without subject matter jurisdiction is void. (See Lacks v Lacks, 41 NY2d 71, 75, citing 21 CJS, Courts, §§ 108-110, 116.) Lack of subject matter jurisdiction can be raised at any time during the litigation, and is not subject to waiver or conferred by consent of the parties. (Id.) In a court of limited jurisdiction, subject matter jurisdiction can be lost if the jurisdictional predicate is lost. (See, e.g., Allard v Arthur Andersen & Co. [U.S.A.], 957 F Supp 409 [SD NY 1997] [in action pending for over 13 years, federal court did not retain jurisdiction over pendent State law claims following dismissal of federal claims].)
The New York Supreme Court is a court of general jurisdiction, competent to entertain all causes of action unless specifically prohibited, including divorce actions. (Lacks v Lacks, supra; see NY Const, art VI, § 7.) The question of jurisdiction over the marital res is not a question of subject matter jurisdiction. A decree issued without jurisdiction over the marital res may be binding upon the parties to the action, although it may be subject to attack by third parties. (Matter of Lindgren, 293 NY 18; Senor v Senor, supra.) If jurisdiction over the marital res were equivalent to subject matter jurisdiction, then a decree issued without such jurisdiction would be void. It would bind no one, not even the parties to the dispute.
Jurisdiction over the marital res is a matter of procedural jurisdiction, akin to personal jurisdiction and in rem or quasi-in rem jurisdiction. Procedural jurisdiction deals with the Court’s authority over the parties interested in a dispute. The underlying concern is one of due process. Like in rem jurisdiction, jurisdiction over the marital res allows the Court to adjudicate a status deemed present in the State, and thereby to affect the rights of persons having an interest in such status, whether or *555 not they are party to the proceedings or subject to the personal jurisdiction of the Court. (See Williams v North Carolina, supra; Senor v Senor, supra; see also Carr v Carr, 46 NY2d 270.) Jurisdiction over the marital res does not determine the Court’s authority to render a divorce decree. Rather, it determines the scope of the Court’s authority, i.e., whether the decree will have extraterritorial effect and effect on nonappearing parties.
Thus, if due process concerns, rather than competence concerns, underlie the requirement of jurisdiction over the marital res, then the question remains whether such jurisdiction acquired at the commencement of an action may be retained when the jurisdictional predicate is lost. The general rule with respect to jurisdiction of the person or of the res is that jurisdiction acquired at the commencement of the action is not defeated by subsequent events occurring during the pendency of an action, even if they are of such character as would have prevented jurisdiction from attaching in the first instance. (21 CJS, Courts, § 72; see also Primavera v Primavera, 195 Misc 942.) Such jurisdiction is retained until final disposition of the case. (21 CJS, Courts, § 73.) In the instant action, the Court clearly had jurisdiction over the marital res at the time of commencement by virtue of plaintiff’s New York domicile. Due process having been satisfied, there is neither precedent nor rationale for the proposition that due process is undone by virtue of plaintiff’s mid-action change of domicile. To the contrary, public policy militates against allowing a litigant to divest a court of jurisdiction in a pending action by his own volitional acts. (Cf. McEachron v Glans, 983 F Supp 330 [ND NY 1997], citing 28 USC § 1332 [a] [federal subject matter jurisdiction based on diversity of citizenship is determined at the commencement of an action and can neither be created nor destroyed by a party’s subsequent change in domicile].)
Plaintiff argues that, even if the Court finds jurisdiction, it should nonetheless dismiss the action pursuant to CPLR 327 (a) on the basis of forum non conveniens. The Court has discretion to dismiss in the interest of justice if its finds that the action has no “substantial nexus” to New York. (Stamm v Deloitte & Touche, 202 AD2d 413.) The burden rests on the party challenging the forum to show that private or public interests militate against retaining jurisdiction. (Islamic Republic of Iran v Pahlavi, 62 NY2d 474.) The Court must consider several factors, none of which is controlling. These include the residency of the parties, hardship to witnesses, availability of an alternative forum, the situs of the underlying action and the burden to the Court. (Id.)
*556 New York has a significant connection to the underlying action given that it was the marital domicile for the 18 years preceding commencement of the action, and given that the action has been litigated in New York for the past five years. According to defendant, marital property is still located in New York. The additional burden to the New York Court is insignificant given that the action is near its conclusion.
Plaintiff argues that Tarrant County, Texas, is the superior forum because both parties and their three children have resided there since March 1998 and because such county would have undisputed jurisdiction over all of the issues incident to the divorce, including child custody and support. All evidence as to the children’s present and future care is located in Texas. Litigation in New York, plaintiff argues, would inconvenience the parties and witnesses who are all located in Texas. The threat of inconvenience, however, is theoretical and not substantiated with respect to anyone other than plaintiff himself. Plaintiff has neither identified any nonparty Texas residents who will be required to testify in New York, nor shown the need for testimony as to the children’s present and future care. The record does not show any serious controversy as to the custody of the children, who are all over the age of 15 and have been in defendant’s care since the parties’ separation five years ago. As to any indispensable witness, the inconvenience may be minimized through technological means or otherwise. Defendant, regardless of her own inconvenience, seeks to continue the action in New York rather than bear the costs and delay associated with beginning a new action in Texas.
The unique factor in this dispute is that plaintiff is now challenging the forum that he himself selected, based on a set of circumstances that he himself helped to create. The action was commenced five years ago when plaintiff was still a New York resident. Extensive litigation followed, largely as a result of plaintiff’s resistance to discovery, including his attempts to impede the evaluation of certain marital property. Further delay resulted from the revelation that plaintiff had not filed personal, corporate or partnership income tax returns for several years, which prompted proceedings to settle his affairs with the Internal Revenue Service. This year the case was stalled again when the breakdown of plaintiffs relationship with his attorney resulted in counsel’s motion to withdraw and subsequent discharge by plaintiff. Plaintiff chose to move to Texas while the action was pending, understandably, to be *557 closer to his children. However, the action is still pending largely because of plaintiffs conduct. Thus, plaintiffs interest in minimizing his own inconvenience must be weighed against the fact that this inconvenience is largely of his own making. Moreover, it must be weighed against defendant’s interest in avoiding the substantial delay inherent in commencing an action, de novo, in a new forum.
The overriding consideration is whether or not a dismissal on the basis of forum non conveniens serves the interest of “substantial justice.” (CPLR 327 [a]; see Islamic Republic of Iran v Pahlavi, supra.) In this case, dismissal would undermine justice. It would allow plaintiff to avail himself of favorable aspects of Texas law, namely, to exclude his medical license from the marital property claims of his wife, and to free himself from the history of his own conduct in this action. It would force defendant to obtain new counsel on the eve of trial, causing her to forfeit a long-standing relationship of trust and to incur additional expense and delay. Justice is not served by mid-action forum shopping and disruption of a five-year litigation that is finally on the brink of resolution.
Plaintiffs concern that New York could not exercise jurisdiction over the issues of child custody and support is unfounded. The uniform child custody statute adopted by New York contemplates that a jurisdictional determination will be made at the commencement of a custody proceeding based on the “home state” of the child at the time of commencement. (Domestic Relations Law § 75-d [1] [a] [Uniform Child Custody Jurisdiction Act].) The “home state” is defined as the state in which the child has been living for the six consecutive months prior to commencement. (Domestic Relations Law § 75-c.) Other jurisdictional grounds are available if the chosen forum state is not the child’s home state at the time of commencement. (See Domestic Relations Law § 75-d [1] [a]-[d].) Only one state at a time can exercise such jurisdiction. (28 USC § 1738A [Parental Kidnaping Prevention Act of 1980].) Jurisdiction over child support proceedings is also based on the “home state” of the child at the time of commencement, and is also exclusive and enforceable in other states if properly founded. (See Family Ct Act § 580-101 et seq. [Uniform Interstate Family Support Act]; 28 USC § 1738B [Full Faith and Credit for Child Support Orders Act].)
At the time of commencement of this proceeding, New York had undisputed jurisdiction to determine child custody and support. The custody and support issues arose in the context of *558 a divorce action properly brought in New York. (See Domestic Relations Law §§ 230, 240.) New York had been the children’s home for their entire lives, and although they had moved to Texas one month prior to commencement of this action, their father remained in New York. (See Domestic Relations Law § 75-d [1] [a] [ii].) At present, the matter has been before the New York Court for over five years and no final determination of custody or support has yet been made. Nothing in the statutory scheme governing child custody or support purports to divest a court, during the pendency of an action, of jurisdiction that it has properly obtained. (Grossman v Meller, 213 AD2d 221 [affirming Supreme Court order which declined to dismiss custody issue on ground that no party continued to reside in New York].) To the Court’s knowledge, no action is pending in another state. A search of the Texas records reveals that Roy Caivano had begun a divorce action on November 28, 2000, but the action was “non-suited” on January 2, 2001. The only pending matter is an outstanding order of protection issued to Roy Caivano against Denise Leeds, a nonparty to this dispute. (See Domestic Relations Law § 75-g; 28 USC § 1738A [g]; Family Ct Act § 580-204.) Thus, there is no jurisdictional bar to concluding the custody and support determination in New York. New York can provide the “complete relief’ sought by plaintiff in his motion papers.
As a matter of discretion, New York could relinquish jurisdiction over custody and support if it deemed that Texas were the more appropriate forum in which to determine those issues. (Domestic Relations Law § 75-h; Family Ct Act § 580-203.) The Court notes that any subsequent modification of the custody and support provisions will have to take place in Texas. (See 28 USC § 1738A [d]; § 1738B [d]; Family Ct Act § 580-205; Domestic Relations Law § 75-d; see also Mamberg v Epstein, 272 AD2d 200.) Nonetheless, New York is the most appropriate forum in which to make the initial determination. In the five years that the action has been pending, the New York Court has amassed a record and gained familiarity with the parties and the issues. (See Grossman v Meller, supra.) As discussed above, the interest of justice militates against dismissal of the New York divorce action. To achieve a consistent and integrated resolution of all issues incident to the divorce, those issues are best determined in a unified proceeding. Given that all of the children have reached or are approaching legal maturity, the issues of child custody and support are unlikely to dominate the proceeding so as to upset the balance of factors already weighed by this Court.
*559 Plaintiffs final argument, that the Court lacks jurisdiction over his person with respect to defendant’s counterclaims for support, distribution and other relief, is without merit. The CPLR provision cited by plaintiff is inapplicable. Plaintiff invoked the Court’s jurisdiction by filing suit in New York. (Senor v Senor, supra.)
Defendant argues that plaintiff should be equitably estopped from challenging this Court’s jurisdiction. The Court need not determine this issue in light of the Court’s finding that jurisdiction exists. The statutory requirements of Domestic Relations Law § 230 have also been met.
Accordingly, it is ordered that plaintiffs motion to dismiss for lack of subject matter jurisdiction or, in the alternative, on the basis of forum non conveniens is hereby denied.