■ KENDALL PASALIC et al., Appellants, v BRENDAN O'SULLIVAN, Respondent. [741 NYS2d 39] —Order, Supreme

Court, Bronx County (Joseph Giamboi, J.), entered April 25, 2001, which, to the extent appealed, granted defendant's motion for leave to serve an amended answer asserting a counterclaim against plaintiff Blaz Pasalic, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, and the motion denied.

In November 1999, plaintiffs were tenants in a three-family house owned by defendant; plaintiff Kendall Pasalic alleges that as she stepped out of the front door of the building, she tripped and fell on a piece of plywood. This action was commenced in February 2000. Defendant moved one year later for leave to serve an amended answer asserting a counterclaim against Blaz Pasalic (Blaz) alleging that Kendall's injuries were caused in whole or in part by Blaz's negligence in removing a door check. Although leave to amend pleadings is to be freely granted absent prejudice or surprise resulting from delay (CPLR 3025 [b]; *see, Fahey v County of Ontario*, 44 NY2d 934, 935), leave should be denied where the proposed claim is palpably insufficient (*Tishman Constr. Corp. v City of New York*, 280 AD2d 374, 377). While it is questionable whether lack of a functioning door check creates a hazard associated with tripping (*see, Horn v Amherst Linen Mfg. Co.*, 33 Misc 2d 966, *affd* 19 AD2d 589), the record evidence demonstrates there is no basis for such a theory in this case since Kendall testified that after she stepped outside the door she tripped on a piece of plywood. O'Sullivan admits that he did not witness the accident and his door check theory is based on pure speculation. Speculation is an insufficient predicate for a proposed amendment to assert the counterclaim herein. Concur—Tom, J.P., Andrias, Buckley, Wallach and Lerner, JJ.