Landis v 383 Realty Corp. (2019 NY Slip Op 06856)





Landis v 383 Realty Corp.


2019 NY Slip Op 06856


Decided on September 26, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 26, 2019

Friedman, J.P., Gische, Kapnick, Singh, JJ.


9766 653847/15 1388/17B

[*1]Allan Landis, Plaintiff-Appellant,
v
383 Realty Corp., et al., Defendants-Respondents, Sally Carrubba, Defendant.


Knox Law Group, P.C., New York (Daniel Knox of counsel), for appellant.
Ganfer Shore Leeds & Zauderer LLP, New York (Mark A. Berman of counsel), for respondents.



Order, Surrogate's Court, New York County (Nora Anderson, S.), entered on or about December 6, 2018, which denied plaintiff's motion for summary judgment, unanimously affirmed, without costs.
This action was commenced in Supreme Court and transferred to Surrogate's Court upon the death of defendant Bunita L. Weiner (s/h/a Wiener). Before the transfer, plaintiff had moved for summary judgment, and Supreme Court (Ostrager, J.), had denied the motion in an order entered July 31, 2017. That ruling, which plaintiff did not appeal, remained law of the case insofar as Surrogate's Court was concerned and could not be contravened by that court, a court of coordinate jurisdiction (Grossman v Meller, 213 AD2d 221, 224 [1st Dept 1995]). Contrary to plaintiff's argument, his motion before Surrogate's Court failed to demonstrate the applicability of any exception to the general rule that "[s]uccessive motions for summary judgment should not be entertained" (Jones v 636 Holding Corp., 73 AD3d 409, 406 [1st Dept 2010]). Plaintiff's successive motion was entirely based on evidence available to him at the time he filed his initial motion and the Surrogate correctly determined that "the substance of [plaintiff's] motion was already squarely decided against him" by Supreme Court.
In any event, even considering the merits of his later motion, plaintiff failed to establish his prima facie entitlement to judgment on his breach of contract and related claims. Plaintiff's evidence in support of his successive motion failed to establish, as a matter of law, that a brokerage agreement was in effect at the time of defendant's sale, nor did the evidence establish the existence of a valid property management agreement between plaintiff and defendants or what services plaintiff provided.
The Surrogate also providently exercised its discretion in denying plaintiff's alternative request for leave to replead the fraudulent conveyance cause of action (see Pasalic v O'Sullivan, 294 AD2d 103, 104 [1st Dept 2002]). Plaintiff was granted leave to replead in an order of Supreme Court (Ostrager, J.), entered May 10, 2017, and the repleaded cause of action was subsequently dismissed by the court in the same order that denied plaintiff's motion for summary judgment.
The Decision and Order of this Court entered
herein on June 27, 2019 (173 AD3d 636 [1st Dept
2019]) is hereby recalled and vacated (see M-3684
decided simultaneously herewith).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: SEPTEMBER 26, 2019
CLERK